**GOVERNMENT EMPLOYEES INSURANCE COMPANY, a corporation, Appellant,**

**v.**

**Selma M. BERNSTEIN, Appellee.**

**No. 4733.**

District of Columbia Court of Appeals.

Argued Oct. 21, 1969.

Decided March 24, 1970.

---

1. This decision specifically puts to rest appellant's position in reliance upon *Sealfon, supra.*

Thomas J. Scanlon, Washington, D. C., with whom Howard J. McGrath, Washington, D. C., was on the brief, for appellant.

John C. Duncan, III, Washington, D. C., for appellee.

Before KELLY, GALLAGHER and NEBEKER, Associate Judges.

GALLAGHER, Associate Judge.

While proceeding to a dental appointment in a car owned by her employer, the American Red Cross, appellee was involved in an accident. The Red Cross was a self-insurer of its vehicles as to collision and required appellee to pay the property damage to the vehicle amounting to $644.12. Appellee then demanded reimbursement from appellant, her insurance carrier, under her policy's collision coverage for "non-owned" automobiles. In relevant part, the policy definition of "non-owned automobile" is: "[A] private passenger automobile * * * not owned by or furnished for the regular use of * * * the named insured * * * while said automobile * * * is being operated by him." Stating that the Red Cross vehicle had been furnished for appellee's "regular use" and was therefore by definition not a "non-owned" vehicle, appellant insurance company denied coverage.

Appellee filed this suit alleging breach of contract in the amount of $644.12.[1] Appellant's answer alleged appellee's regular use of one of several Red Cross vehicles, denied its liability, and admitted that "at the time of such an accident appellee was the *permissive user* of an automobile owned by the American Red Cross." (Emphasis supplied.) After appellee's motion for summary judgment was denied, the case proceeded to trial, which resulted in a verdict and judgment for appellee by the trial court in the amount stipulated. The trial court found that the plaintiff (appellee) had been assigned a Red Cross vehicle on various occasions from a fleet of such vehicles; that the Red Cross had a directive prohibiting personal use of the vehicles; and that on the day of the accident appellee was driving the car on personal business and *without the permission of the owner*. The court concluded that the vehicle was not

---

1. The amount was reduced to $594.12 by stipulation since the policy contained a $50.00 deductible provision.

being used regularly at the time of the accident, since it was being driven for a personal purpose and, therefore, appellee could recover.

Appellant thereupon moved the court to reconsider and amend its findings of fact and conclusions of law, alleging that if the automobile was being driven without the permission of the owner, as the trial court had stated, appellee could not come within the definition of "insured" in the policy and liability should not be imposed on the company. An "insured" is defined in the policy as:

> (b) with respect to a non-owned automobile, the named insured * * * while using such automobile, provided his actual operation * * * is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission.

By memorandum dated March 4, 1968, the trial court denied the motion. Though alluding to the failure of appellant insurance company to raise the point at trial as a possible procedural defect, the court considered its merits and concluded that appellee's deviation was too slight to "change the purpose or character of the 'permission'" granted her by her employer to drive the vehicle and, therefore, that she came within the policy definition of "insured."

Appellant contends that the trial court erred in concluding that appellee's deviation from the car owner's directive at the time of the accident made her use of the car "irregular" because the deviation was slight and therefore within the scope of the "permission."

▪ We think the trial court's finding that appellee was driving the automobile at the time of the accident within the scope of the permission granted her by her employer is supported by substantial evidence and is not clearly erroneous. Therefore, we must accept that finding. Freas v. Gitomer, D.C.App., 256 A.2d 573 (1969); D.C.Code 1967, § 17–305(a). Moreover, we note that the insurance company admitted in its pleadings that appellee was the "permissive user" of the vehicle involved. We therefore agree with the trial court that appellee was an "insured" within the policy definition.

This being so, the sole remaining question is whether the vehicle was "furnished [appellee] for [her] regular use." That terminology or similar language has been said to be ambiguous. *See* Miller v. Farmers Mutual Automobile Insurance Co., 179 Kan. 50, 292 P.2d 711 (1956). "The rule is settled that in case of ambiguity that construction of the policy will be adopted which is most favorable to the insured." Mutual Life Insurance Co. of New York v. Hurni Packing Co., 263 U.S. 167, 174, 44 S.Ct. 90, 91, 68 L.Ed. 235 (1923).

Numerous cases in other jurisdictions have construed this provision. The case closest to this one seems to be State Farm Mutual Insurance Co. v. Bates, 107 Ga.App. 449, 130 S.E.2d 514 (1963). There the "non-owned" automobile clause excluded coverage for such a vehicle if it was "[f]urnished to the named insured * * * for regular use. * * *" The insured was an Air Force sergeant at a base in Albany, Georgia. On several occasions a month, totaling between 10 and 18 times over a period of seven months, he traveled to another base about 100 miles away to test equipment. Each time he drew a car from the air base motor pool. He did not always drive the same vehicle, and the one used by him at the time of the accident had only been used by him once before. Noting the general principle in the cases that "'[r]egular use' suggests a principal use as distinguished from a casual or incidental use," *Bates, supra* at 451, 130 S.E.2d at 516, the court held that the jury was authorized under the facts to find that the vehicle was not furnished the insured for regular use. *See also* Miller v. Farmers Mutual Automobile Insurance Co., *supra*.

Appellee used any one of several vehicles provided from her employer's fleet on about ten occasions over a two-year

period. During 1965, the year of the accident, she used such a vehicle seven or eight times for periods ranging from one-half hour to a few hours, with the exception of an assignment in Long Island, New York, just prior to the accident, when she had the use of the car involved here for 18 days. On each occasion save the last she returned the car to the motor pool before returning home, and would have done the same on her return from Long Island but for the fact that the motor pool was closed when she returned to this area on a Sunday. Finally, appellee had to request use of a fleet vehicle on each occasion she needed one; she had no free access. The casual or incidental use that the cases distinguish from principal or "regular" use is often characterized by the necessity to request further permission from the owner of the vehicle on each occasion it is used. State Farm Mutual Insurance Co. v. Smith, 206 Va. 280, 142 S.E.2d 562, 568 (1965).

We conclude that appellee's use of her employer's vehicle was not "regular," as that term is used in the policy exclusion. We are further persuaded to this result by the following statement of the purpose of the exclusionary language:

> [T]he language as a whole, would seem to indicate the intention of the Company to protect itself from a situation where an insured could pay for one policy and be covered by the insurance in driving any car that he decided to use, whether owned by him or members of his family or rented. In other words, cars under his control that he could use at will and might use often.

Lumbermens Mutual Casualty Co. v. Pulsifer, 41 F.Supp. 249, 251 (D.Me.1941). As the trial court reached the proper result, it is immaterial whether its reasoning in reaching that result was correct, North American Accident Insurance Co. v. Tebbs, 107 F.2d 853, 856 (10th Cir. 1939), and the judgment is therefore

Affirmed.