Curtis C. BILBREY, Appellant,

v.

AMERICAN AUTOMOBILE INSURANCE
COMPANY, Appellee.

No. 4616.

Court of Civil Appeals of Texas,
Eastland.

April 27, 1973.

Nelson Quinn, Quinn & Price, Abilene,
for appellant.

J. M. Lee, McMahon, Smart, Sprain,
Wilson, Camp & Lee, Abilene, for appellee.

WALTER, Justice.

Curtis C. Bilbrey filed suit against Jimmy Dan Bevins and American Automobile Insurance Company. Bilbrey's cause of action against Bevins was severed. The court rendered a summary judgment in favor of the company and Bilbrey has appealed.

Bilbrey's cause of action against the insurance company was predicated upon the uninsured motorist endorsement which contained the following:

"1.   Damages for Bodily Injury Caused
      by Uninsured Automobiles

The company will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile;
.   .   ."

Bilbrey was not operating his insured automobile designated in the policy sched-

ule at the time he was rear-ended by Bevins. He was occupying an automobile regularly furnished him by the City of Abilene. The provision quoted above provides Bilbrey with coverage and he is entitled to collect under the endorsement unless the exclusions and conditions of the policy abridge this provision. The exclusions and conditions of the policy place no limitation on this coverage.

The company contends the definitions in the endorsement preclude a recovery. They provide in part as follows:

". . . but the term 'insured automobile' shall not include: . . .

(iv) under subparagraphs (2) and (3) above, an automobile furnished for the regular use of the principal named insured or any resident of the same household."

The parties say they have been unable to find a Texas case in point. Able counsel for both parties have submitted well written briefs relying principally on out-of-state cases. In Motorists Mutual Insurance Company v. Bittler, 14 Ohio Misc. 23, 235 N.E.2d 745, the Common Pleas Court of Ohio said:

"There is no dispute that the automobile operated by Mr. Stokes which was involved in the collision of November 20, 1961, was an uninsured automobile. This provision does not exclude uninsured motorists coverage while the named insured was operating a non-owned automobile furnished for his regular use, nor does it exclude such coverage unless he was operating or occupying an 'insured automobile.' The provisions definitely provide such coverage at all times and under all circumstances when a named insured

sustains injury caused by accident as a result of the operation of an uninsured automobile.

Thus, the uninsured motorists coverage was applicable if, at the time of sustaining injury, Mr. Bittler, a named insured, was occupying the Ford described in his policy, or was on foot, or on horseback, or while sitting in his rocking chair on his front porch or while occupying a non-owned automobile furnished for his regular use, including the Plymouth occupied by him on November 20, 1961. This so-called uninsured protection is limited personal accident insurance chiefly for the benefit of the named insured.

. . . . . .

Since the uninsured motorists protection chiefly constitutes indemnification in the nature of personal accident insurance for the named insured, there is, in the absence of any special provision or exclusion, no need for his procuring and paying for two such contracts for one injury. This special indemnification contract becomes effective because a third person, not the named insured, operates an automobile without Bodily Injury Liability coverage." Also see Ohio Farmer's Ins. Co. v. Wright, 17 Ohio St. 2d 73, 246 N.E.2d 552 (1969).

Bilbrey paid a premium for the uninsured motorists endorsement. The exclusions and other provisions of the policy do not limit or abridge this coverage. We will follow Motorists Mutual Insurance Company v. Bittler, supra.

The judgment is reversed and the cause is remanded.

BROWN, J., not participating.