**NORTH RIVER INSURANCE COMPANY, Appellant,**

**v.**

**Mae Henson O'NEAL, Appellee.**

**No. 800.**

Court of Civil Appeals of Texas, Tyler.

March 27, 1975.

Rehearing Denied April 24, 1975.

Kenley, Boyland, Hawthorn, Starr & Coghlan, Larry Funderburk, Longview, for appellant.

Wilder & Tate, Guinn D. Tate, Henderson, for appellee.

MOORE, Justice.

This is a wrongful death action brought under the uninsured motorist coverage of a policy of automobile liability insurance. The incident out of which the suit arose was a pedestrian-vehicle accident. The suit was instituted by appellee, Mae Henson O'Neal, the surviving wife of Oscar O'Neal, against the uninsured motorist, Troy Sanders, and against appellant, North River Insurance Company, who carried a policy of automobile liability insurance

providing for uninsured motorist coverage upon any of the members of appellee's family. Appellee alleged that Troy Sanders negligently collided with the person of her husband, Oscar O'Neal, causing injuries which resulted in his death. Troy Sanders defaulted and made no appearance in the case with the exception of his appearance through his deposition. Appellant, North River Insurance Company, answered with a general denial and alleged that the fatal injuries to Oscar O'Neal were proximately caused by his own negligence. Trial was before a jury. In response to the special issues, the jury found that the uninsured motorist, Troy Sanders, was guilty of negligence proximately causing the death of appellee's husband. The jury also found that the deceased, Oscar O'Neal, was negligent in that he failed to maintain a proper lookout but further found that his negligence was not a proximate cause of his injuries. The trial court rendered judgment on the verdict in favor of appellee for the sum of $15,000.00. Appellant, North River Insurance Company, duly filed a motion to disregard certain findings and for judgment non obstante veredicto which motions were overruled. From the order overruling its motion for new trial, appellant, North River Insurance Company, duly perfected this appeal. No appeal was perfected by Troy Sanders, the uninsured motorist.

The evidence shows that appellee's husband met his death as a result of being struck by an automobile driven by Troy Sanders late on a Sunday afternoon at a point near a tavern known as the "Party House," which was situated on South 16th Street in the City of Longview. Just prior to the fatal accident, the decedent had been a customer at the tavern and had been there since about 3:00 P.M. that afternoon. The evidence showed that he lived directly across the street from the "Party House" and was familiar with the street. Just prior to the accident the evidence shows that one, Olean Hall, had summoned deceased to come to an automobile which was parked across the street from the "Party

House." In order to get to the automobile, it was necessary for the deceased to cross South 16th Street. The evidence shows that the street at that point is paved with asphalt, and had no curbs or gutters. As to whether the deceased was crossing the street or was upon the pavement at the time he was struck is the subject of sharply conflicting testimony. Olean Hall testified that he was upon the paved portion of the street when he was struck. The witness, Emma Jo Allen, testified that the decedent was not on the street but was standing on the shoulder of the street which was several feet from the paved portion of the street. As we understand her testimony, she testified that the decedent was not attempting to cross the street when he was struck. According to her testimony, the automobile left the pavement, came over the dirt portion of the street and struck decedent while he was standing on the shoulder of the street. Consequently, the testimony is in direct conflict as to whether or not the deceased was crossing the street or whether he was standing at a point off of the street when struck.

Appellant makes no complaint of any of the jury's findings convicting Troy Sanders of negligence proximately causing the death of the deceased. Appellant's points are directed solely to those findings in which the jury exonerated the decedent of contributory negligence and to the negative finding made by the jury on the proximate cause issues.

By the first point of error appellant contends that the trial court erred in refusing to disregard the jury's negative finding to a proximate cause issue submitted as Special Issue No. 21. By this issue the jury was instructed to find whether decedent's failure to yield the right-of-way to the automobile driven by Sanders was a proximate cause of the collision. The jury answered: "We do not." Appellant takes the position that since the jury found in Special Issue No. 20 that the decedent was not walking within the crosswalk when he was struck, he was guilty of negligence per se

in that he violated Article 6701d, Sec. 78(a), Vernon's Annotated Texas Statutes, reading as follows:

"Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the highway."

Consequently, appellant argues that since the jury found the decedent guilty of negligence per se, his failure to yield the right-of-way was a proximate cause of the accident as a matter of law. We cannot agree with this proposition.

■ Contrary to appellant's contention we do not believe the jury's answer to Special Issue No. 20 can be construed to mean that the jury found that decedent was guilty of negligence per se at the time he was struck. Special Issue No. 20 inquired as to whether the decedent was "crossing South 16th Street at a point that was not within a crosswalk." The jury answered: "He was not within a crosswalk." The jury's finding when properly construed with the issue simply means the jury found that the decedent was *not crossing the street* at a point not within the crosswalk. Apparently the jury accepted the testimony showing he was not in the street and disregarded all testimony to the contrary. Consequently, appellant failed to discharge its burden of proving negligence per se.

Under these circumstances Special Issue No. 21, inquiring as to whether decedent's failure to yield the right-of-way was a proximate cause, is superfluous and meaningless in that there was no primary finding of negligence to support the submission of proximate cause. For this reason the trial court did not err in refusing to disregard the issue. 4 McDonald, Texas Civil Practice, Sec. 17.31 (1971); Texas Employers' Insurance Ass'n v. McNeely, 342 S.W.2d 767 (Tex.Civ.App., Amarillo, 1961, ref'd., n. r. e.). But we do not rest our holding on this proposition alone.

Even if it could be assumed, arguendo that the jury's finding to Special Issue No. 20 means that the decedent was crossing the street at a point not within a crosswalk, we do not believe it can be said that his failure to yield the right-of-way was the proximate cause of his injuries as a matter of law.

Appellant recognizes that the negative jury finding on Special Issue No. 21 casts upon appellant the burden of showing that the evidence was sufficient to establish the issue of proximate cause as a matter of law. C. & R. Transport, Inc. v. Campbell, 406 S.W.2d 191 (Tex.Sup.1966); Smith v. Safeway Stores, Inc., 433 S.W.2d 217 (Tex.Civ.App., Tyler, 1968, ref'd., n. r. e.).

■ It has long been the rule that a fact is not considered as established as a matter of law, unless the evidence is such that the minds of reasonable men would not differ on the issue. Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696, 698 (1914); Hart v. Van Zandt, 399 S.W.2d 791 (Tex.Sup.1965). The evidence shows that although the accident occurred late in the afternoon, it was not yet dark; the driver of the automobile had not turned on his lights; the visibility along the street was good; the driver was traveling at a rate of speed between fifty and sixty miles-per-hour on a narrow street in a forty-five miles-per-hour zone while intoxicaed; and the driver failed to sound his horn. As we view the record, the evidence is such that reasonable minds could very well differ on the issue of proximate cause. In these circumstances it cannot be said that the issue was established as a matter of law. Appellant's first point is overruled.

By its third point appellant contends the trial court erred in refusing to disregard the jury's "negative" finding to a proximate cause issue submitted as Special Issue No. 15. The record reveals that the jury found, in response to Special Issue No. 14, that the decedent failed to keep a proper lookout. The special issue in question in-

quired as to whether such failure was a proximate cause of the occurrence. The jury answered: "We do not." Appellant argues that the evidence shows, as a matter of law, the decedent's failure to keep a proper lookout was a proximate cause of the accident.

▉ Ordinarily, the question of whether an act of negligence was a proximate cause of the consequences presents an issue for determination of finder of the fact. Clark v. Waggoner, 452 S.W.2d 437, 440 (Tex.Sup.1970). Proximate cause may be determined as a matter of law only where the evidence is such that reasonable minds could not differ. It is only where the facts are such that all reasonable men must draw the same conclusion from them that the question of proximate cause is ever considered as one of law for the courts. Cartwright v. Canode, supra. That situation does not exist here. When viewed in a light most favorable to the verdict, the evidence shows that the deceased was not in the pathway of the oncoming vehicle when he was struck. According to Emma Jo Allen, he was standing at least a step off the street. Therefore, in these circumstances a person of ordinary prudence would not be required to foresee that the automobile would leave the street and strike him while in that position. Appellant's third point is overruled.

By the fifth point, appellant urges that the trial court erred in refusing to disregard the jury's finding on Special Issue No. 16 and in refusing to render judgment non obstante veredicto in its favor. We overrule the point.

▉ In Special Issue No. 16 the court inquired as to whether the deceased attempted to cross the street in question when it would not appear to a person using ordinary care that such crossing could be made with safety. The jury answered: "We do not." The jury's negative answer has the effect of casting on appellant its burden of showing that the evidence was such that it compels an affirmative answer

to the issue as a matter of law. We are of the opinion that the evidence, when viewed in its proper light, fails to establish that the deceased was attempting to cross the street at the time he was struck. At any rate the evidence is such that the minds of reasonable men might differ on the issue. In these circumstances it cannot be said that the issue was affirmatively established as a matter of law.

By the seventh point appellant contends that the trial court erred in overruling its motion to disregard the jury's answer to Special Issue No. 18. Special Issue No. 18 inquired as to whether the deceased was intoxicated when he attempted to cross the street. The jury answered: "We do not."

▉ The evidence as to whether the decedent was intoxicated is in direct conflict. Although Olean Hall testified that the decedent was intoxicated he admitted that he, himself, was "loaded." Appellee testified that the decedent did not have anything to drink before he went to the "Party House." The witness Emma Jo Allen testified that the decedent and his companion were not staggering when they left the "Party house." She testified she observed him as he was helping his crippled companion down the steps. It is within the province of the jury to resolve conflicts and inconsistencies in the testimony of a witness or between witnesses. Biggers v. Continental Bus System, 157 Tex. 351, 303 S.W. 2d 359, 365 (1957). Consequently, the evidence is such that reasonable men could very well differ on the question and, as a result, it cannot be said that the affirmative of the issue was established by the evidence as a matter of law. For this reason, as well as the other reasons discussed in the preceding points, appellant's seventh point is overruled.

By points two, four, six and eight appellant urges that the trial court erred in overruling its motion for new trial because the jury's finding on each of the issues hereinabove discussed is against the great weight and preponderance of the evidence.

After a careful review of all the evidence, both that in favor of and against the jury's findings, we have concluded that we would not be justified in holding that the verdict is so against the overwhelming weight and preponderance of the evidence so as to be clearly wrong. The points are overruled.

The judgment of the trial court is affirmed.