**Betty L. HALL, Appellant,**

v.

**SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, Appellee.**

**No. 2–84–011–CV.**

Court of Appeals of Texas, Fort Worth.

May 23, 1984.

Law Office of Wm. J. Fleniken, Jr. and William J. Fleniken, Jr., Hurst, for appellant.

Touchstone, Bernays, Johnston, Beall & Smith and William Feemster, Dallas, for appellee.

Before HUGHES, JOE SPURLOCK, II and HILL, JJ.

## OPINION

HILL, Justice.

This is an appeal from a summary judgment granted in favor of the defendant-insurer in a suit by a policyholder on a family automobile insurance policy. The question presented is whether the summary judgment evidence established, as a matter of law, that the automobile being driven by the insured-appellant on the occasion in question was a vehicle furnished for her regular use.

We affirm.

The insured, Betty L. Hall, drove a truck for her employer, Allied Baggage Service, at the Dallas-Fort Worth Airport. Her employer had a number of trucks which it used for several routes. Two trucks were used in each route, but they were actually assigned to the individual. One day when Mrs. Hall worked overtime, she was assigned a truck which at that time was regularly assigned to another employee. As far as she knew, she had never used the particular truck and trailer before. She suffered accidental injuries while using the truck and trailer and subsequently brought suit against the carrier of her personal automobile insurance policy to recover her medical expenses. The insured, Southern Farm Bureau Casualty Insurance Company, denied liability, claiming that the truck which she was driving at the time was not a covered vehicle. The policy covered certain "owned" and "non-owned" vehicles as defined in the policy. It is undisputed that the vehicle in question was not an "owned" vehicle since it was owned by Mrs. Hall's employer rather than Mrs. Hall herself. In its motion for summary judgment, Southern Farm contended that the vehicle was not a "non-owned" automobile either, because a "non-owned" automobile is defined in the policy so as to exclude from coverage a vehicle furnished for the regular use of the named insured. The purpose of these provisions is to afford coverage for occasional use of other vehicles, but to exclude the habitual use of other cars, which would increase the insurer's risk

without a corresponding increase in the premium. Southern Farm's motion for summary judgment was granted.

By three points of error, Mrs. Hall urges that the trial court erred in granting Southern Farm's motion for summary judgment. It is undisputed that Mrs. Hall regularly drove a truck from her employer's fleet, that driving a truck constituted the principal duty of her employment, and that she had driven different trucks depending upon which one was assigned to her from her employer's fleet. If an employee regularly drives a vehicle in his or her employment, and if the driving of such a motor vehicle constitutes the principal duty of the employment, and if a number of vehicles in a pool are available to that employee, subject either to random assignment or assignment based upon the nature of the job involved, or selection by the employee, then all vehicles in the pool are considered as a matter of law to be vehicles furnished for the employee's regular use. *International Service Insurance Company v. Walther*, 463 S.W.2d 774 (Tex.Civ. App.—Austin 1971, no writ); *United Services Automobile Association v. Couch*, 643 S.W.2d 668 (Tenn.App.—Nashville 1982); *Galvin v. Amica Mutual Insurance Company*, 11 Mass.App. 457, 417 N.E.2d 34 (Norfolk 1981). The *Galvin* case contains the citations of many of the cases which have reached this result.

Mrs. Hall cites numerous cases in support of her position that there is a fact issue in this case which would preclude summary judgment. She relies on the Texas State Court cases of *Johnson v. Home Indemnity Company*, 401 S.W.2d 871 (Tex.Civ.App.—Texarkana 1966, writ ref'd n.r.e.); *Neal v. United States Fire Insurance Company*, 427 S.W.2d 676 (Tex.Civ. App.—Corpus Christi 1968, no writ); *Commercial Standard Insurance Company v. Ford*, 400 S.W.2d 934 (Tex.Civ.App.—Amarillo 1966, writ ref'd n.r.e.). None of these cases involve an employer-employee situation such as we have here. The court in *International Service Insurance Company v. Walther*, a case which did involve an employer-employee situation, stated that the facts in such non-employer-employee cases are too dissimilar to be of any assistance.

The case of *Benjamin v. Plains Insurance Company*, 650 F.2d 98 (5th Cir.1981), cited by Mrs. Hall, involved a vehicle which the court held not to be covered by an employee's personal automobile policy. The case involved an automobile sales manager whose daughter used his demonstrator, which *was* furnished for his regular use, for her private purposes.

The appellant cites several out-of-state cases which also involve employer-employee situations. All of them, however, involve situations where the use of a motor vehicle constituted a minor part of the employee's duties. These cases include *Armstrong v. Hanover Insurance Company*, 130 Vt. 182, 289 A.2d 669 (1972); *Insurance Company of North America v. Coffman*, 52 Md.App. 732, 451 A.2d 952 (1982); *Government Employees' Insurance Company v. Bernstein*, 263 A.2d 259 (D.C.App. 1970); and *State Farm Mutual Automobile Insurance Company v. Bates*, 107 Ga. App. 449, 130 S.E.2d 514 ([Div. 1] 1963). Mrs. Hall cites no cases where, as here, driving one of the employer's vehicles constituted the principal duty of the employee.

Appellant's points of error numbers one, two, and three are overruled, and the judgment is affirmed.