Ruben L. **BRIONES**, Appellant,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, Appellee.

No. 04–89–00359–CV.

Court of Appeals of Texas, San Antonio.

April 30, 1990.

Rehearing Denied June 18, 1990.

David M. Adkisson, Southers & Lyons, Phil Watkins, Watkins & Brock, San Antonio, for appellant.

Richard W. Hunnicutt, III, Plunkett, Gibson & Allen, San Antonio, for appellee.

Before BUTTS, CARR and STEPHENS,[1] JJ.

## OPINION

STEPHENS, Justice (Retired).

Ruben L. Briones appeals a take nothing summary judgment granted in his suit against State Farm Mutual Automobile Insurance Company seeking recovery on his family automobile insurance policy under the uninsured motorists clause, for bodily injuries suffered in a one vehicle automobile accident. In one point of error Briones contends that:

The Trial Court erred in granting Defendant's Motion for Summary Judgment because there is a genuine issue as to material facts regarding the one remaining issue to be litigated by the parties, namely whether the tractor-trailer in which Briones was a passenger at the time of his bodily injuries was furnished or available for his regular use.

On or about November 5, 1985, Briones was a passenger in the sleeping compartment of a tractor-trailer owned by his employer, Cervantes Trucking Company, which, at the time of the accident, was being driven by another employee of Cervantes Trucking, one Mr. Juan Barbosa. The accident occurred in Arizona and involved only the one vehicle in which Briones was riding. Neither the truck nor its driver was covered by liability insurance at the time of the accident. Briones sought to recover under the uninsured clause of his family automobile insurance policy.

In the trial court the parties stipulated to all evidence and specifically that the only portion of the insurance contract applicable was the uninsured motorist clause which reads:

Uninsured motor vehicle does not include any vehicle or equipment:

... owned by or furnished or available for the regular use of you or any family member.

The parties further stipulated:

The only question that will be litigated between us, whether it be by summary judgment or trial, will be whether the facts show that, at the time of the accident, the vehicle in which Mr. Briones was riding was one which was "furnished or available for the regular use of" Mr. Briones.

Briones argues that the summary judgment evidence at trial creates a genuine issue as to the material facts regarding whether or not the truck in which Briones was riding was furnished or available for his regular use. He relies upon general propositions of law to support his contentions. First he points out that the summary judgment proof must establish as a matter of law that there is no genuine issue of fact as to any of the essential elements of Plaintiff's cause of action, *Gibbs v. General Motors Corporation*, 450 S.W.2d 827, 828 (Tex.1970); and that summary judgment is only proper if the pleadings, depositions, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Gibbs, supra;* TEX.R.CIV.P. 166–A. Briones further argues that a fact is not considered established as a matter of law unless the evidence is such that the minds of reasonable men would not differ on the issues, citing *North River Insurance Company v.*

1. The Honorable Bill J. Stephens, retired, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

*O'Neal,* 521 S.W.2d 647, 650 (Tex.Civ.App. —Tyler 1975, no writ); and that when a given set of facts is such that reasonable men may fairly differ upon the question, the determination of the matter is for the jury and hence summary judgment is inappropriate. *Cartwright v. Canode,* 106 Tex. 502, 171 S.W. 696, 697–98 (1914).

Other cases hold that questions as to exclusions in insurance policies are generally questions of fact, not matters of law. *See, e.g., Farmer's Mutual Protective Association of Texas v. Wright,* 702 S.W.2d 295, 298 (Tex.App.—Eastland 1985, no writ); *Brown v. Tucker,* 652 S.W.2d 492, 496 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.); *Miles v. Royal Indemnity Co.,* 589 S.W.2d 725, 730 (Tex.Civ.App.— Corpus Christi 1979, writ ref'd n.r.e.).

A review of the proof shows that Briones was an employee of Cervantes Trucking Company, the owner of the truck in question. His principal duty was to drive trucks assigned to him. He customarily used any one of the five vehicles owned by Cervantes, as and when assigned to him by Cervantes. He had driven the truck in question regularly for a period of four years, from 1981 to 1985. During the trip in question, as on other trips, Briones and his co-employee would take turns driving and sleeping.

In *Hall v. Southern Farm Bureau Casualty Insurance Co.,* 670 S.W.2d 775 (Tex. App.—Fort Worth 1984, no writ), it was shown that the plaintiff drove a truck for her employer. Her employer had a number of trucks which it used for several routes. The plaintiff was injured in an accident in a truck that was usually assigned to another employee, but on the date of the accident had been assigned to her. She brought suit against the carrier of her personal automobile insurance policy to recover medical expenses. The policy covered certain "owned" and "non-owned" vehicles. The court held:

> If an employee regularly drives a vehicle in his or her employment, and if the driving of such a *motor vehicle constitutes the principal duty* of the employment, and if a number of vehicles in a pool are available to that employee, subject either to random assignment or assignment based upon the nature of the job involved, or selection by the employee, then all vehicles in the pool are considered as a matter of law to be vehicles furnished for the employee's regular use. [emphasis added] 670 S.W.2d at 777.

In another Texas case with similar facts, *International Service Insurance Co. v. Walther,* 463 S.W.2d 774 (Tex.Civ.App.— Austin 1971, no writ), the plaintiff sought recovery under his medical payment insurance policy. The case was tried to a jury on the theory that his employer's vehicle was not furnished for his regular use. The jury found that the employer's vehicle was not furnished for his regular use. The proof showed that plaintiff was employed as a delivery man. His employer owned three trucks, which were randomly assigned to the drivers, governed by the load. The drivers were not permitted to use the trucks for personal use. The Court of Appeals, in reversing the trial court, held that the phrase "furnished for regular use" in the definition of non-owned automobiles was not limited to one specific vehicle. The court explained:

> It is the regular use of other automobiles which is excluded by the term, and if an employer assigns an employee a specific automobile or assigns him a number of automobiles, any one of which he may use for a particular trip, in either event that automobile is furnished "for regular use." 463 S.W.2d at 776.

From these cases it appears that Briones was occupying a vehicle regularly furnished for his use, however, we conclude that this case is governed by the recent case of *Stracener v. United Serv. Auto. Ass'n.,* 777 S.W.2d 378 (Tex.1989), in which The Texas Supreme Court wrote at length on the uninsured and underinsured exclusions in insurance policies and their relationship to the Insurance Code, and its interpretation. We find the Court's language to be not only persuasive, but controlling in this case. The Court wrote:

> Article 5.06–1 of the Texas Insurance Code mandates the inclusion of unin-

sured and underinsured motorist coverage in automobile liability insurance coverage....

.... The purpose of the statute as stated therein, is "the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles...." TEX.INS.CODE ANN. art. 5.06–1(1) (Vernon 1981)....

.... The legislature had as its initial objective the protection of conscientious motorists from "financial loss caused by negligent financially irresponsible motorists...." Act of Oct. 1, 1967, ch. 202 sec. 3, 1967 Tex. Gen. Laws 448, 449.... This court construed the policy statement of article 5.06–1(1), as originally enacted, in *American Liberty Insurance Co. v. Ranzau*, 481 S.W.2d 793 (Tex.1972)...
The Texas statute states its purposes to be the "protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles." These are its key words.... This was a contractual benefit for which premiums, presumably computed in the light of the respective risk exposures, were paid by the insureds in each instance; and to permit one policy, or the other, to be reduced or rendered ineffective by a liability limiting clause would be to frustrate the insurance benefits which the statute sought to guarantee and which were purchased by the respective insureds. *Ranzau*, 481 S.W.2d at 797 (emphasis in original and added).

\*    \*    \*    \*    \*    \*

Moreover, under the misinterpretation of the statute by some courts of appeals, insureds can never ascertain what, if anything, they have purchased. The availability of underinsured motorist insurance would be contingent upon numerous uncertainties including not only the limits of the coverage but also the limits of the tort-feasor's liability insurance, the extent of damages suffered by any other persons who may have been involved in the same accident and the amount of any settlements made with the liability insurance carrier. We doubt whether most Texas motorists understand that the amount of the coverage for which they are paying is only recoverable depending upon the limits of the liability coverage carried by the negligent driver and the peculiar facts of the particular accident. Even if they did, we believe this is not the coverage mandated by statute.

By purchasing this coverage along with basic liability coverage, the insured has expressed an intent not only to protect others from his or her own negligence but also to protect that person's own family and guests from the negligence of others. This intent and the purpose of the statute are frustrated under the courts of appeals' construction of article 5.06–1. Accordingly, we disapprove of those decisions which have construed article 5.06–1(2)(b) and (5) in a manner inconsistent with this opinion. Those clauses in insurance policies which are not consistent with and do not further the purpose of article 5.06–1 are invalid. 777 S.W.2d at 381–84.

In *Stracener*, the Court consolidated two cases and although the question was primarily protection from underinsured motorists, it covered uninsured motorists as well. We believe that the language in the case:

We doubt whether most Texas motorists understand that the amount of the coverage for which they are paying is only recoverable depending upon the limits of the liability coverage carried by the negligent driver and the peculiar facts of the particular accident. Even if they did, we believe this is not the coverage mandated by statute.

is particularly applicable in this case. It is doubtful that when the uninsured provision was purchased, Briones believed that he would not be protected if involved in an accident while a passenger in an uninsured motor vehicle owned by his employer, and driven by an uninsured co-employee.

We are further persuaded by the language of the federal court in *Stephens v. State Farm Mutual Automobile Ins. Co.,* 508 F.2d 1363 (5th Cir.1975):

As we read Texas cases, there is one key to determining whether a particular exclusionary provision in an uninsured motorist policy is valid or invalid. This is whether the invocation of the exclusion would, under the circumstances of the particular case under consideration, operate to deprive an insured of the protection required by the Texas Uninsured Motorists Statute, TEX.INS.CODE art. 506–1, V.A.T.S. (Supp.1974). *Westchester Fire Insurance Co. v. Tucker,* 512 S.W.2d 679, 685 (Tex.1974).

\* \* \* \* \* \*

... In our view *Tucker* and [*American Motorists Ins. Co. v.*] *Briggs* [514 S.W.2d 233 (Tex.1974)] quite clearly hold that exclusionary clauses are invalid restrictions on coverage when they excuse the policy for which a premium has been paid from providing the minimum coverage *required by the Texas Uninsured Motorist Statute.* It is immaterial whether the Stephens were covered by the Royal policy. The question is whether the exclusion in the State Farm policy, if invoked, would cause the coverage of that policy to be less than the minimum $10,-000/$20,000. Here it clearly would. 508 F.2d at 1367 and 1368.

Finally, we consider the earlier case of *Bilbrey v. American Automobile Insurance Company,* 495 S.W.2d 375 (Tex.Civ. App.—Eastland 1973, no writ), on which Briones places much emphasis. In that case, the facts are similar. Bilbrey was an employee of the City of Abilene. At the time of the accident, he was occupying a vehicle regularly furnished him by the City. The defense interposed by the insurance carrier was very similar to the one in this case; that the automobile which Bilbrey was occupying at the time of the accident was furnished for his regular use and thus the exclusion, set out in the definition of "insured automobile" in the uninsured motorists clause prevailed. Summary judgment was granted by the trial court and reversed by the Court of Appeals, holding:

Bilbrey paid a premium for the uninsured motorists endorsement. The exclusions and other provisions of the policy do not limit or abridge his coverage. 495 S.W.2d at 376.

It appears to us that although earlier Texas courts of appeal have upheld the exclusion of coverage when persons are injured in vehicles regularly furnished the insured by third parties from the uninsured motorists coverage, the case of *Stracener, supra,* has placed serious doubts on their validity. We are not prepared to condemn the exclusion of vehicles regularly furnished for the use of the insured in all cases, but believe the better posture is to adopt the position taken by the federal court in *Stephens v. State Farm Mutual Automobile Ins. Co.,* 508 F.2d 1363 (5th Cir.1975), taken from *Westchester Fire Insurance Co. v. Tucker,* 512 S.W.2d 679, 685 (Tex.1974), and determine on a case to case basis whether the invocation of the exclusion would, under the circumstances of the particular case under consideration, operate to deprive an insured of the protection required by the Texas Uninsured Motorists Statute.

Having taken this position, we conclude that under the facts of this case and the uncontroverted evidence, that to deny Briones recovery under the uninsured motorist clause of his family policy would be to frustrate the intent of the legislature to provide protection for conscientious motorists from "financial loss caused by negligent financially irresponsible motorists" as is mandated by the inclusion of uninsured and underinsured motorist coverage in the Texas Insurance Code.

The judgment of the trial court is reversed and this cause is remanded for judgment to be entered in favor of recovery by Briones in accordance with the stipulated evidence of damages.