**Barbara SCARBOROUGH, Appellant,**

v.

**EMPLOYERS CASUALTY COMPANY, Appellee.**

**No. 02–90–307–CV.**

Court of Appeals of Texas, Fort Worth.

Nov. 26, 1991.

Rehearing Denied Dec. 31, 1991.

James Allen Cox, Parkhill, Parkhill, Cowden & Runge, P.C., Grand Prairie, for appellant.

Ernest Reynolds III, Cantey & Hanger, Fort Worth, for appellee.

Before WEAVER, C.J., and MEYERS and DAY, JJ.

## OPINION

WEAVER, Chief Justice.

This appeal involves the question of whether a provision in an automobile liability insurance policy, which excludes an insured under the policy from uninsured/underinsured coverage, is enforceable.

Appellant, Barbara Scarborough, was injured in a two vehicular accident. At the time of the accident, she was a passenger in a vehicle which was being operated by her husband. Appellant and her husband were the owners of the vehicle and both were "insureds" under an automobile liability insurance policy issued by the appellee, Employers Casualty Co., which covered the subject vehicle at the time of the accident. Allegedly, appellant's husband lost control of the vehicle which jumped a median into oncoming traffic.

Appellee settled under the policy with the driver of the other vehicle involved, and with the other passenger in the appellant's vehicle. The appellant, in one suit, sued her husband for damages resulting from her injuries and sued the appellee for uninsured/underinsured policy benefits. Appellee defended by alleging that the appellant was not entitled to uninsured/underinsured benefits because they were excluded by explicit policy terms. Both appellant and appellee filed motions for partial summary judgment. Appellant's motion was denied. The trial court granted partial summary judgment in favor of appellee, and in so doing denied appellant's claim for uninsured/underinsured benefits as being excluded under the policy. The trial court also severed this portion of the case, from which appellant now brings this appeal. We affirm.

Appellant brings two points of error: 1) the trial court erred in not granting appellant's motion for partial summary judgment, while granting appellee's, and in not correctly applying case law which would place appellee's exclusionary definitions and clauses in direct contravention of the purpose of TEX.INS.CODE ANN. art. 5.06–1 (Vernon 1981); and 2) the trial court erred in not considering appellant's supplement to motion for partial summary judgment.

Both parties stipulated as to the identity of the subject insurance policy contract, of which the relevant portion is as follows:

We [appellee] will pay damages which a **covered person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of bodily injury sustained by a **covered person,** or **property damage,** caused by an accident. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle.**

. . . .

"**Covered person**" as used in this Part means:

1. You or any **family member;**

. . . .

"**Uninsured motor vehicle**" means a land motor vehicle. . . .

. . . .

4. Which is an underinsured motor vehicle. An underinsured motor vehicle is one to which a liability bond or policy applies but its limit of liability:

   a. is less than the limit of liability for this coverage; or

   b. has been reduced by payment of claims to an amount less than the limit of liability for this coverage.

However, "uninsured motor vehicle" does not include any vehicle . . .

1. Owned by or furnished or available for the regular use of you or any **family member.** [Emphasis added.]

■ Under her first point of error, appellant concedes that the application of the foregoing contractual language of the policy would leave the defined "vehicle" uninsured and her without uninsured motorist coverage. Appellant does not claim that appellee is in violation of any rules or regulations promulgated by the State Board of Insurance. However, appellant directs us to essentially two cases, *Stracener v. United Serv. Auto. Ass'n,* 777 S.W.2d 378 (Tex. 1989) and *Briones v. State Farm Mut. Auto. Ins. Co.,* 790 S.W.2d 70 (Tex.App.— San Antonio 1990, writ denied), for authority to hold the subject exclusionary clauses

invalid as contravening the purpose of article 5.06–1 of the Texas Insurance Code.[1] We agree with the appellee that *Stracener* and *Briones* are distinguishable. The trial court did not err in granting appellee's motion for partial summary judgment because appellant was precluded from uninsured coverage by the unambiguous policy terms as a matter of law. TEX.R.CIV.P. 166a(c); *see City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979).

Although *Stracener* dealt with issues relating to uninsured motorist coverage, the issue there generally concerned combining or "stacking" the limits of underinsured motorist coverage when other coverages were available. *Stracener,* 777 S.W.2d at 379. Appellant urges us to consider a policy argument contained in *Stracener* that would lead us to hold that the exclusionary clauses and definitions in the instant case are invalid, as set out below:

By purchasing this coverage along with basic liability coverage, the insured has expressed an intent not only to protect others from his or her own negligence but also to protect that person's **own family** and guests from the negligence of **others.**

*Id.* at 384 (emphasis added). The instant case is factually different, however, as the appellant or her husband driver is the above "own family", and we see the negligence of "others" as meaning the negligence of strangers to the policyholder's family, not appellant's husband.

*Briones,* another case on which appellant essentially relies, is also factually distinguishable from this case on appeal because the injured passenger seeking uninsured benefits was involved in a one car accident. *Briones,* 790 S.W.2d at 71. The vehicle there was owned by his uninsured employer, and the passenger had no family relationship with either the uninsured driver or the employer. *Id.* In the case on appeal involving two vehicles, the appellant was a

1. Article 5.06–1 is to be liberally construed to give full effect to the public policy which led to its enactment. The purpose of the statute is "the protection of persons insured thereunder who are legally entitled to recover damages

from owners or operators of uninsured or underinsured motor vehicles. . . ." *Stracener v. United Serv. Auto. Ass'n.,* 777 S.W.2d 378, 382 (Tex.1989); Tex.Ins.Code Ann. art. 5.06–1 § (1) (Vernon 1981).

passenger in a jointly owned vehicle, and she and her allegedly negligent husband were both "insureds" under one policy. The *Briones* opinion also urged a case by case determination as to whether an invocation of an exclusion from uninsured/underinsured coverage would, under the circumstances of the particular case under consideration, operate to deprive an insured of required protection. *Id.* Under the facts and circumstances of this case on appeal, and noting that insurance policies are controlled by rules of construction which are applicable to contracts generally, we see no ambiguity in the disputed policy terms and we give the words used their plain meaning. *Yancey v. Floyd West & Co.*, 755 S.W.2d 914, 917–18 (Tex.App.—Fort Worth 1988, writ denied). Appellant's first point of error is overruled.

■ Under her second point of error, appellant complains that the trial court erred in not considering her supplement to her motion for partial summary judgment. The trial court ruled that the questioned pleading, styled PLAINTIFF, BARBARA SCARBOROUGH'S SUPPLEMENT TO MOTION FOR PARTIAL SUMMARY JUDGEMENT AND RESPONSE TO EMPLOYERS MOTION FOR SUMMARY JUDGEMENT, had not been timely filed, and it had been properly objected to by appellee. However, appellant argues that the supplement, dated October 4, 1990, was only calling the trial court's attention to interrogatory answers already of record in the trial court, and that the trial court abused its discretion in not considering the pleading.

After a review of the questioned pleading, we agree with the appellee and the language of the pleading itself that it is what it says it is—a supplement to appellant's own previously filed motion for summary judgment. The partial summary judgment hearing was held on October 12, 1990. Appellant originally filed her motion for partial summary judgment and her response to appellee's partial summary judgment motion on July 26, 1990. Then, on September 13, 1990, appellee filed with the trial court its objections and answers to appellant's second set of interrogatories, to which the appellant's October 4th supplement allegedly refers. We see no record evidence that appellant made any attempt to seek the required leave of court for a late motion filing. TEX.R.CIV.P. 166a(c). We also see record evidence of a properly filed appellee objection to the appellant's attempted supplement. The trial court did not abuse its discretion in not considering this supplement. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.