[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a case of first impression in Connecticut.
CT Page 1255
The facts of this case are not in dispute. On June 22, 1992, the plaintiff had parked her 1987 Chevrolet, a motor vehicle owned and operated by her, in front of the Mill Pond Store located on Rte. 19 in Stafford Springs, Connecticut. As she was leaving the store with her nineteen month old son in her arms, she saw a man, later identified as Robert Rivers, enter her car and sit in the driver's seat. As the plaintiff approached the car and opened the passenger door in an attempt to prevent Mr. Rivers from stealing it, he placed the car in reverse and began to back it up. As a result the plaintiff was knocked to the ground and sustained injuries. Rivers was later apprehended and imprisoned. There is no dispute that plaintiff did not know Rivers, that he did not have permission to use plaintiff's car and that he had no insurance coverage of any kind. At the time of the incident, plaintiff's automobile was insured by the defendant. Plaintiff was not covered under the liability portion of her policy because the driver of her automobile, which automobile was in the process of being stolen, was clearly using it without permission. Plaintiff's claim under the uninsured motorist provision of her policy was denied by the defendant giving rise to this lawsuit. Defendant has filed three special defenses, policy limits, contributory negligence and that the motor vehicle which struck the plaintiff was not by definition an uninsured motor vehicle. Plaintiff has filed a motion for summary judgment on the third special defense claiming there is no genuine issue of fact as to that defense and that she is entitled to judgment as a matter of law. Affidavits from the plaintiff and Robert Rivers accompanied her motion. Defendant, at oral argument on January 21, 1997, stated he could not produce counter-affidavits and that he did not believe an opposition memorandum of law was warranted because he was basically " . . . relying on the strict interpretation and the language of not only the policy, but also the state regulations." See transcript. In essence both parties agreed that there was no genuine issue of material fact and agreed to proceed on whether the plaintiff is entitled to summary judgment as a matter of law on the Third Special Defense. Accordingly, the court will address the issue of whether the uninsured motorist provision of the subject policy gives such coverage to the plaintiff.
Legal Standard Governing Summary Judgment
A trial court may appropriately render summary judgment when the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the CT Page 1256 moving party is entitled to judgment as a matter of law. Burns v.Hartford Hospital, 192 Conn. 451, 455 (1984); Bartha v. WaterburyHouse Wrecking Co., 190 Conn. 8, 11 (1983). Our Supreme Court has held that "[i]t is incumbent on a plaintiff to allege some recognizable cause of action in his complaint. If he fails to do so, it is not the burden of the defendant to attempt to correct the deficiency, either by motion [to strike], or otherwise."Stavnezer v. Sage-Allen Co., 146 Conn. 460, 461 (1959). For that reason, a defendant may use a motion for summary judgment, not for pleading deficiencies, but to challenge the legal sufficiency of a complaint "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Boucher Agency v. Zimmer,160 Conn. 404, 409 (1971). A party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact. Dougherty v. Graham, 191 Conn. 248, 250 (1971). To satisfy this burden, the movant must make a showing that it is quite clear what the truth is and that there is no doubt as to the existence of a genuine issue of material fact. Plouff v. NewYork, New Haven and H.R. Company, 160 Conn. 482, 488 (1971). The test has been said as one "in deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. [T]he test is whether a party would be entitled to a directed verdict on the same facts."Cummings and Lockwood v. Gray, 26 Conn. App. 293, 296-97 (1991).
The subject policy defines in pertinent part an uninsured motor vehicle as ". . . a land motor vehicle . . .
 1. To which no bodily injury liability bond or policy applies at the time of the accident.
. . . . . . .
 4. To which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insurance company
a. denies coverage. . ."
Since the liability portion of the subject policy did not cover the motor vehicle because it was being used without the owner's permission (by in this case Mr. Rivers who was stealing it) it is an uninsured motor vehicle under either of these CT Page 1257 sections.
However, defendant's claim in its Third Special Defense is that specifically excluded in the definition of uninsured motor vehicle is a vehicle "1. owned by or furnished or available for the regular use of you or any family member." Section C of the policy. This exclusion is also contained in CGS § 38a-336
which provides:
"No insurer shall be required to provide uninsured motorist coverage to (A) a named insured . . . when . . . struck as a pedestrian by an uninsured or under insured motor vehicle . . . that is owned by the named insured."
The only Connecticut case addressing this exclusion is Lowreyv. Valley Forge Ins. Co., 224 Conn. 152, 158 (1992). Although the court upheld the validity of the statute, regulation and policy exclusion, the case had a different factual basis. In Lowrey the plaintiffs were passengers in a car owned and operated by one, Alfreda Kozlowski. They suffered injuries as a result of a one car accident. The insurance carrier for Ms. Kozlowski paid the plaintiffs under the liability portion of the policy in full in the amount of $100,000 but refused to pay them the underinsured motorist claim. The court stated that underinsured, or in the case at bar uninsured, motorist coverage is first party coverage which follows the person, not the vehicle. Since the plaintiffs had already collected under the driver's liability coverage which is third party coverage following the vehicle, to collect further under the same policy would be to convert the underinsured (uninsured here) motorist coverage into third-party coverage, treating it essentially the same as third-party liability coverage. The situation in the case at bar is different. Plaintiff has not been able to collect under the third party liability coverage as did the plaintiffs in Lowrey. Plaintiff here is not trying to collect twice under the same policy as the plaintiffs in Lowrey. Further, plaintiff is not trying to convert her first party coverage into third party coverage as was attempted in Lowrey.
In Connecticut, "The legislative intent behind the underinsured (uninsured) motorist statutes has been defined repeatedly as `to assure that every insured recovers damages he or she would have been able to recover if the uninsured motorist had maintained a policy of liability insurance'" (citations omitted). United States Fidelity and Guaranty Company v.CT Page 1258Pitruzzello, 35 Conn. App. 632 (1994). Lowrey, although upholding the validity of the owner-insured exclusion, limited its position to a case in which there was an attempt to convert underinsured (uninsured) coverage to third party coverage. In the case at bar, the denial of liability coverage and then, because of the exclusion, denial of uninsured motorist coverage would result in this plaintiff not being able to recover at all for her injuries. This flies in the face of logic and the intent of the legislature to provide uninsured motorist coverage to someone who pays for that coverage but cannot take advantage of it when her own car is stolen. If Mr. Rivers had stolen a car parked next to the plaintiff's car and had struck her as he was pulling out of the parking lot, the denial of liability coverage for the stolen vehicle would activate plaintiff's uninsured motorist coverage. To deny plaintiff uninsured motorist coverage under the facts in the case at bar when she did not cause the accident defies logic, is against public policy and the intent of the legislature as to uninsured motorist coverage. To deny her coverage under these circumstances simply because she owned the insured vehicle is fundamentally unfair. It is contrary to the purpose of purchasing uninsured motorist coverage which is to guarantee some protection when liability coverage is unavailable.[1]
Plaintiff's citations of cases from other jurisdictions are appropriate. In Fontanez v. Texas Farm Bureau Insurance Companies840 S.W.2d 647 (1992), under essentially the same facts, the Texas Court of Appeals, although previously upholding the exclusion, found for the plaintiff concluding that to deny coverage would "frustrate the intent of the Uninsured Motorist Act." It cited favorably the reasoning in Briones v. State FarmMutual Automobile Ins. Co., 790 S.W.2d 70 (1990) which was to deny recovery ". . . would frustrate the intent of the legislature to provide protection for conscientious motorists from financial loss caused by negligent, financially irresponsible motorists." That court also drew a distinction between an insured who was not driving and blameless and the tortfeasor who was not only not an insured but was a thief stealing the insured's car. That is exactly the situation in the case at bar. In State Farm Mutual Automobile Insurance Company v.Louise Nissen, 851 P.2d 165, 169 (1993), under the same set of facts, the insured being injured by an uninsured stealing the insured's own car, the Colorado Supreme Court reached the same conclusion as in Fontanez. It concluded that denying coverage would contravene the legislative intent and public policy behind the uninsured motorist statutes. "The legislative directive CT Page 1259 instructs us to find coverage for the innocent insureds whenever possible." This court finds the exclusion invalid as being against public policy and contrary to the intent of the legislature.
Plaintiff's other claim is that the definition in the subject policy of an uninsured vehicle and the exclusion described creates an ambiguity in the contract. The court agrees that ambiguities in an insurance contract must be resolved in favor of the insured. A.M. Larson Co. v. Lawlor Ins. Agency, Inc.,153 Conn. 618. There is no question that the definition and the exclusion are in conflict, and as to the policy holder, ambiguous. In Connecticut ". . . the policy holder's expectations should be protected as long as they are objectively reasonable from the laymen's point of view. Progressive Case Ins. Co. v.Marnel, 587 F. Sup. 622 (D. Ct. 1983), Cody v. Remington ElectricShavers, 179 Conn. 494, 497 (1980). In State Farm Mutual v.Nissen, supra, the court found the provisions as in the case at bar to be conflicting and stated ". . . the conflicting exclusion must fall . . . the objectively reasonably expectations of applicants and intended beneficiaries regarding the terms of insurance contracts will be honored even though painstaking study of the policy provisions would have negated those expectations" citations omitted. ". . . Nissen bad a reasonable expectation based on the coverage language of the insurance contract, despite the conflicting exclusion language, that her injuries due to the negligence of an uninsured person would be covered."
In Fontanez, supra, with the same provisions, the court again cited Briones v. State Farm, supra, and concluded, under similar circumstances that "it is unlikely that Bessie Viola Chipman (plaintiff's decedent) realized her uninsured coverage would not apply when an uninsured thief operating her car without permission struck and killed her."
The same is true in the case at bar. Clearly, the plaintiff had the same expectations as in the cited Texas and Colorado cases. She probably did not read or have explained to her the fine print in the subject policy setting forth the exclusion, and even if she did, it is unlikely that she expected to lose the uninsured motorist coverage for which she had paid under the circumstances of this case.
Accordingly, this court finds the conflict and/or ambiguity against the defendant which authored it, and on that basis, the CT Page 1260 exclusion cited by defendant is invalid and inapplicable in this case.
For the foregoing reasons, the plaintiff is entitled to judgment as a matter of law on defendant's third special defense. The plaintiff's motion for summary judgment is granted.
Rittenband, Judge