Maria Teresa GARZA, et al.

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

No. Civ.A. C–01–76.

United States District Court, S.D. Texas, Corpus Christi Division.

Feb. 15, 2002.

Kevin Walter Grillo, Hilliard and Munoz, Corpus Christi, TX, for plaintiff.

F. Van Huseman, Huseman & Pletcher, Corpus Christi, TX, for defendant.

## VERDICT OF THE COURT

HEAD, District Judge.

Plaintiffs are the surviving spouse and minor children of Eulalio Garza, III, who was killed in an automobile-train accident while riding in a vehicle owned by his employer Country Shoppe Nursery and driven by uninsured fellow employee Felipe Rodriguez. Plaintiffs are suing defendant State Farm Automobile Insurance Company for breach of contract and violation of Article 21.55 of the Texas Insurance Code because State Farm has denied them uninsured motorist coverage under an automobile insurance policy purchased by Garza's employer. The Court has diversity jurisdiction over this suit because the plaintiffs are citizens of Texas, State Farm is a citizen of Illinois, and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. Upon the parties' waiver of trial by jury, trial commenced to the Court.

On consideration of the evidence and argument, the Court finds for defendant State Farm on both claims. The Court concludes that the State Farm automobile insurance policy excludes from uninsured motorist coverage vehicles owned by the policyholder. Plaintiffs have argued this exclusion is contrary to the public policy of the State of Texas but the Court finds otherwise. Because the exclusion is enforceable, the plaintiffs are not entitled to benefits under the insurance contract and the defendants did not breach the contract or violate Article 21.55 by denying coverage.

### Factual Background

On December 30, 1998, Garza was riding in a nursery vehicle driven by his fellow employee, Felipe Rodriguez. Rodriguez failed to yield the right of way to a train and caused an automobile-train collision which killed Garza. Neither Rodriguez

nor Garza had a driver's license or personal automobile insurance. However, the nursery had a State Farm automobile insurance policy for its company vehicles which was in effect on December 30, 1998, the date of the accident.

The plaintiffs brought a wrongful death suit against Rodriguez, Burlington Northern and Sante Fe Railway Co., Texas Mexican Railway Co., and Cesar Carrera in the 79th District Court of Jim Wells County. *Mary Theresa Garza, et al. v. Burlington and Santa Fe Railway Company*, et al., Cause No. 99–03–37380, 79th District Court of Jim Wells County. The plaintiffs obtained a judgment against Rodriguez for $5,298,350 in that suit.

While the wrongful death suit was pending, State Farm notified nursery owners James and Linda Gibson that the liability coverage in the nursery policy would not apply to the December 30, 1998, accident. Specifically, the policy contained an "Employee Indemnification and Employer's Liability" exclusion for bodily injury to "[a]n employee of [the nursery] arising out of and in the course of employment by the insured" as well as a "Fellow Employee" exclusion for "[b]odily injury to any fellow employee of the insured arising out of and in the course of the fellow employee's employment." State Farm subsequently obtained a separate declaratory judgment against the nursery and Rodriguez from the 79th District Court of Jim Wells County that State Farm had no duty to defend or indemnify either the nursery or Rodriguez against claims made in the wrongful death suit or against any claims arising from the December 30, 1998, accident which formed the basis of the wrongful death suit. *State Farm Mut. Ins. Co. v.*

*Country Shoppe Nursery and Felipe Rodriguez*, Cause No. 99–07–37714, 79th District Court of Jim Wells County.

With no recourse under the liability provisions of the policy, the plaintiffs sought to recover the damages assessed against Rodriguez in the wrongful death suit by claiming them under the uninsured motorist coverage provided by the same policy. State Farm denied such coverage because the policy's definition of "uninsured motor vehicle" excluded this vehicle "[o]wned by or furnished or available for the regular use of [the nursery]." State Farm also denied coverage because even if the exclusion was not enforceable, the plaintiffs failed to obtain State Farm's consent to bring the wrongful death suit against Rodriguez as required by the policy. On State Farm's denial, the plaintiffs filed this suit in the 319th District Court of Nueces County, Texas, which State Farm removed to this Court.[1]

### Findings of Fact

1.  The Court adopts and incorporates by reference the admissions of fact made by the parties in their Joint Pretrial Order.

2.  Based on a preponderance of the evidence, the Court finds that nursery owner James Gibson knew that nursery employee Felipe Rodriguez did not possess a driver's license but authorized Rodriguez to drive nursery vehicles.

3.  The Court further finds that on December 30, 1998, Gibson authorized Rodriguez to drive the nursery vehicle involved in the automobile-train accident.

---

1.  The plaintiffs named State Farm Agent Debbie Baxter as a co-defendant in this lawsuit. Baxter, like the plaintiffs, was a Texas resident. State Farm removed contending that Baxter was fraudulently joined because the plaintiffs had no chance of recovering against her on any of their claims. All claims against Baxter were dismissed when the Court found Baxter to be fraudulently joined.

### Analysis and Conclusions of Law

The Court has diversity jurisdiction over this matter and must apply Texas law. 28 U.S.C. § 1332; *Stephens v. State Farm Mut. Auto. Ins. Co.*, 508 F.2d 1363, 1366 (5th Cir.1975). Because it has found no Texas case with facts directly on point, it is faced with "the always-dangerous undertaking of predicting what Texas courts would hold if the issue were presented squarely to them." *Stephens* at 1366.

State Farm denied the plaintiffs uninsured motorist coverage for the accident based in part upon a policy provision which states that, for purposes of uninsured motorist coverage, "uninsured motor vehicle does not include any vehicle or equipment, (a) Owned by or furnished or available for the regular use of [the nursery]." The parties agree that, by its terms, the policy excludes from uninsured motorist coverage the company vehicle Rodriguez was driving when he caused the accident that killed Garza.

The plaintiffs contend that the exclusion should not be enforced because, when applied to the facts of this case, it frustrates the intent of the legislature of the State of Texas when it enacted Article 5.06–1 of the Texas Insurance Code and is contrary to the public policy of the State of Texas. See *Fontanez v. Texas Farm Bureau Ins. Cos.*, 840 S.W.2d 647 (Tex.App.—Tyler 1992, no writ) and *Briones v. State Farm Mut. Auto. Ins. Co.*, 790 S.W.2d 70 (Tex. App.—San Antonio 1990, writ denied). Plaintiffs believe denial of coverage is against public policy based on the following facts: (1) the nursery did not have worker's compensation insurance; (2) the policy at issue contains the only insurance purchased by the nursery which applies to the vehicle involved in the accident; (3) the nursery paid for the uninsured motorist coverage on the vehicle in question; (4) Rodriguez had no personal auto insurance or coverage and had no driver's license;

and (5) Garza did not own a car, a driver's license or his own auto insurance policy. Based on these facts it appears that plaintiffs' position is that enforcing the exclusion would be against public policy because no other provision in this policy or any other policy is available to cover the damages caused by Rodriguez and the nursery paid State Farm for the uninsured motorist coverage described in the policy.

### The Public Policy Underlying Article 5.06–1

"The legislature and the State Board of Insurance determine the public policy of Texas as it relates to automobile insurance coverage." *Farmers Texas County Mutual Ins. Co. v. Griffin*, 868 S.W.2d 861, 864 (Tex.App.—Dallas 1993, writ denied). The legislature enacted the uninsured/underinsured motorist coverage statute, Article 5.06–1 of the Texas Insurance Code, and authorized the State Board of Insurance to promulgate forms regarding uninsured/underinsured motorists coverage which become part of the standard Texas automobile insurance policy. *Id.* The legislature's purpose in enacting Article 5.06–1 was to protect persons insured pursuant to the statute "who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles." *Stracener v. United Services Automobile Ass'n*, 777 S.W.2d 378, 382 (Tex.1989). Article 5.06–1 is to be liberally construed to give full effect to the public policy which led to its enactment, and clauses in insurance policies which are not consistent with or do not further its purpose are invalid. *Stracener* at 382, 384.

Legislative intent includes an acknowledgment "that uninsured motorist coverage need not afford protection in every situation in which a tortfeasor is actually uninsured." *Bergensen v. Hartford Ins. Co. of the Midwest*, 845 S.W.2d 374 (Tex.

App.—Houston [1st Dist.] 1992, writ ref'd). In Section (c) of Article 5.06–1, the legislature expressly provided that "certain motor vehicles whose operators are in fact uninsured" can be excluded from the definition of "uninsured motor vehicle" in those policy forms. Tex.Ins.Code Art. 5.06–1(2)(c) (Vernon Supp.2001). On this basis, insurance companies have utilized exclusions for vehicles "owned by" or "furnished or available for the regular use of" the policyholder or the insured.

■ Despite the legislative authorization, Texas courts determine whether "owned by" or "furnished or available for the regular use of" exclusions violate public policy on a case-by-case basis. *Briones v. State Farm Mut. Auto. Ins. Co.*, 790 S.W.2d 70, 74 (Tex.App.—San Antonio 1990, writ denied).[2] The exclusions have been upheld in most Texas cases addressing the issue. Over approximately the last ten years, Texas courts have enforced this type of exclusion on at least six occasions. See, e.g., *Bergensen v. Hartford Ins. Co. of the Midwest*, 845 S.W.2d 374 (Tex.App.—Houston [1st Dist.] 1992, writ ref'd)[3]; *Farmers Texas County Mutual Ins. Co. v. Griffin*, 868 S.W.2d 861 (Tex.App.—Dallas 1993, writ denied); *State Farm Mut. Ins. Co. v. Conn*, 842 S.W.2d 350 (Tex.App.—Tyler 1992, writ denied); *Texas Farm Bureau Mut. Ins. Co. v. Tatum*, 841 S.W.2d 89 (Tex.App.—Tyler 1992, writ denied); *Rosales v. State Farm Mut. Auto. Ins. Co.*, 835 S.W.2d 804 (Tex.App.—Austin 1992, writ denied); *Scarborough v. Employers Cas. Co.*, 820 S.W.2d 32 (Tex.App.—Fort Worth 1991, writ denied). In contrast, the plaintiffs rely upon and this Court has found only two Texas cases in which a public policy challenge successfully persuaded the court to hold this type of exclusion unenforceable, *Fontanez v. Texas Farm Bureau Ins. Cos.*, 840 S.W.2d 647 (Tex.App.—Tyler 1992, no writ) and *Briones v. State Farm Mut. Auto. Ins. Co.*, 790 S.W.2d 70 (Tex.App.—San Antonio 1990, writ denied).

If the current lawsuit involved a personal auto insurance policy purchased by Garza instead of the nursery's policy, Garza's situation would closely parallel that of the insured in *Briones*. But these are not the facts before the court. Instead, plaintiffs seek benefits under a policy purchased by Garza's employer, and this raises some unique considerations.

### Enforcing the Exclusion Against the Plaintiffs Does Not Violate Public Policy

■ The plaintiffs contend that enforcing the exclusion at issue here violates public policy because no other provision in this or any other insurance policy is available to cover the damages caused by Rodriguez and because the nursery paid State Farm for the uninsured motorist coverage described in its policy. These facts alone do not persuade the Court that enforcing the uninsured motorist coverage exclusion at issue would frustrate the legislature's purpose of protecting persons insured persons "who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles." See *Stracener* at 382.

The policy as written is internally consistent. It denies liability coverage and

---

2. The legislature seems to have tacitly approved the case-by-case approach because it has not eliminated or clarified Article 5.06–1(c) in response to the varied results obtained using this approach.

3. As a "writ refused" case, the *Bergensen* decision is as binding as a Texas Supreme Court case. Tex.R.App.P. 56.1(c). See also *United States v. Johnson*, 160 F.3d 1061, 1064 (5th Cir.1998); *Rowley v. Lake Area National Bank*, 976 S.W.2d 715, 723 n. 7 (Tex.App.—Houston [1st Dist.] 1998, writ denied).

uninsured motorist coverage to employees in Garza's unfortunate circumstance. The state district court enforced the liability-coverage exclusion to protect State Farm from paying benefits outside the scope of that coverage. Under the circumstances of this case, the uninsured-motorist coverage exclusion is directed to the same end and has the same effect as the liability-coverage exclusion, the exclusion of coverage for injuries caused by fellow employees. For this Court to declare the uninsured-motorist exclusion to be against public policy would frustrate an earlier state court decision and the obvious intent of the parties to this policy to exclude work-related injuries.

That the nursery paid for some insurance coverage does not justify requiring State Farm to provide benefits outside the scope of that coverage. In both *Fontanez* and *Briones*, the uninsured motorist coverage sought by the insured was part of a personal automobile insurance policy, a "contractual benefit for which premiums, presumably computed in the light of the respective risk exposures, were paid by the [insured-policyholder]." *Briones* at 73 (quoting *Stracener* at 382). Garza, on the other hand, did not contract for any benefits or pay any premiums. The nursery did contract for some benefits, but the uninsured motorist coverage and liability coverage provisions in its policy excluded the risk exposure associated with one employee injuring or killing another while driving a company vehicle. As risk exposures that were explicitly excluded from the policy coverage were presumably not factored into the premiums paid by the insured, the nursery never compensated State Farm for bearing the risk exposure associated with one employee injuring another while driving a company vehicle. This is not a case in which an insurance company collected a premium for statutorily required protection and now seeks to avoid payment with "carefully crafted language of limitation." See *Griffin* at 868. Plaintiffs have simply asked the Court to rebalance policy costs and risks after a risk was realized. The Court declines.

Accordingly, this Court finds that denying the plaintiffs recovery under the uninsured motorist portion of the nursery's policy will not frustrate legislative intent. The Court finds in favor of defendant State Farm and against the plaintiffs, and plaintiffs are to take nothing by way of their claims against State Farm.