**Margot BERGENSEN, Appellant,**

v.

**HARTFORD INSURANCE COMPANY OF THE MIDWEST and Harry Bergensen, Appellees.**

**No. 01–91–01467–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 17, 1992.

Rehearing Denied Jan. 14, 1993.

Tom Shipp, Houston, for appellant.

Richard P. Colquitt, Houston, for appellees.

Before OLIVER–PARROTT, C.J., and WILSON and O'CONNOR, JJ.

## OPINION

WILSON, Justice.

The appellant, Margot Bergensen, appeals the trial court's order granting summary judgment in favor of the appellees, Hartford Insurance Company of the Midwest ("Hartford") and Harry Bergensen. Specifically, appellant attacks a policy exclusion applied to her as contrary to public policy. We affirm.

Hartford issued a Texas Personal Auto Policy to the Bergensens, effective from January 1987, to January 1988, which included uninsured/underinsured motorist coverage. Harry Bergensen and Margot Bergensen, husband and wife, were the "named insureds" shown in the declarations. On April 27, 1987, Mrs. Bergensen was injured while riding as a passenger in a jointly-owned vehicle driven by her husband, and covered by the Hartford automobile insurance policy in question.

In the initial lawsuit, Mrs. Bergensen asserted a negligence claim against her husband. The suit was settled for $100,000, and a release was obtained in her husband's favor. Hartford funded the settlement, which was for the maximum amount covered under the "liability" portion of the Bergensens' policy.

Based on the Texas Supreme Court's decision in *Stracener v. United Services Auto Association*, 777 S.W.2d 378 (Tex. 1989), Mrs. Bergensen filed a second suit contending her husband was underinsured, and that Hartford is liable under the uninsured/underinsured provision of the Bergensens' policy. Mrs. Bergensen sought a contractual recovery under the terms of the policy, and exemplary damages for Hartford's alleged breach of its duty of good faith and fair dealing in denying her underinsured motorist claim. The trial court granted Hartford's motion for summary judgment, and denied Mrs. Bergensen's motion for partial summary judgment.

In two points of error, Mrs. Bergensen claims the trial court erred in granting summary judgment in favor of Hartford rather than in her favor, because she is a "named insured" under an insurance policy providing underinsured coverage.

The policy issued to the Bergensens states:

We will pay damages which a **covered person** is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by a **covered person,** or **property damage,** caused by an accident. The owner's or operator's liability for

these damages must arise out of the ownership, maintenance or use of the uninsured motor **vehicle.**

. . . .

**"Covered person"** as used in this Part means: 1. You or any **family member;**

. . . .

**"Uninsured motor vehicle"** means a land or motor vehicle . . .

. . . .

4. Which is an underinsured motor vehicle. An underinsured motor vehicle is one to which a liability bond or policy applies but its limit of liability:

    a. is less than the limit of liability for this coverage; or

    b. has been reduced by payment of claims to an amount less than the limit of liability for this coverage.

However, **"uninsured motor vehicle"** does not include any vehicle . . .

1. Owned by or furnished or available for the regular use of you or any **family member.**

(Emphasis original.)

Mrs. Bergensen claims, under authority of *Stracener*, that she is entitled to "stack" the underinsured motorist and liability provisions of the insurance policy. We find the facts in *Stracener* distinguishable from those in the matter before us. In *Stracener*, the Court permitted the stacking of the limits of underinsured motorist coverage under four separate insurance policies to determine whether a tortfeasor was underinsured. Mrs. Bergensen, by contrast, seeks payment under two coverage provisions contained in a single insurance contract. The underinsured motorist provision of the contract explicitly states that it does not apply to vehicles "[o]wned or furnished or available for the regular use of you or any family member."

Mrs. Bergensen contends that application of this language would be contrary to public policy. She points to the court's statement in *Stracener* that "[t]hose clauses in insurance policies which are not consistent with and do not further the purpose of

article 5.06–1 are invalid." *Stracener*, 777 S.W.2d at 384. However, that statement was made in the following context:

> By purchasing [underinsured motorist] coverage along with basic liability coverage, the insured has expressed an intent not only to protect others from his or her own negligence but also to protect that person's own family and guests from *the negligence of others*. ... Accordingly, we disapprove of those decisions which have construed article 5.06–1(2)(b) and (5) in a manner inconsistent with this opinion. Those clauses in insurance policies which are not consistent with and do not further the purpose of article 5.06–1 are invalid.

*Id.* (emphasis added).

The purpose of article 5.06–1 is "the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles...." *Stracener*, 777 S.W.2d at 382; Tex.Ins.Code Ann. art. 5.06–1, (1) (Vernon 1981). The *Stracener* court stated that article 5.06–1 is to be liberally construed to give full effect to the public policy which led to its enactment.

The Fort Worth Court of Appeals has rejected Mrs. Bergensen's argument in a case with virtually identical facts as the one before us. *Scarborough v. Employers Casualty Co.*, 820 S.W.2d 32 (Tex.App.— Forth Worth 1991, writ requested). In *Scarborough*, an insured claimant was injured while riding as a passenger in the family car, after her husband negligently caused an accident. The insurance company refused to pay benefits under the uninsured/underinsured provision because the policy excluded the family car from its definition of "uninsured motor vehicle." The court rejected the insured's argument that this exclusion contravened the purpose of article 5.06–1. It interpreted the phrase "the negligence of others" in *Stracener* to refer to the negligence of strangers to the policyholder's family, not to the insured's husband. *Scarborough*, 820 S.W.2d at 34.[1]

---

1. For cases upholding similar policy exclusions on different facts, see *Rosales v. State Farm* *Mutual Automobile Insurance Co.*, 835 S.W.2d 804, 805 (Tex.App.—Austin 1992, writ request-

We agree that "the negligence of others" refers to the negligence of persons who are not members of the policyholder's family, and not in this case to Mrs. Bergensen's husband.

Mrs. Bergensen also analogizes this case to *National County Mutual v. Johnson,* 829 S.W.2d 322 (Tex.App.—Austin, 1992, writ granted). In that case, the court held that because the Safety Responsibility Act ("SRA") required drivers to carry liability insurance covering "all sums which the insured shall become legally obligated to pay as damages arising out of the ownership, maintenance or use of [a] motor vehicle," the SRA prohibited a family-member exclusion in a liability insurance contract. *National County Mutual* at 325. The court reasoned that because the SRA expressly authorized two exceptions to this coverage, its failure to authorize a family-member exception indicated a legislative intent not to permit one. *Id.*

Mrs. Bergensen acknowledges that Hartford has met its contractual obligation to pay her under the liability provision of the contract, but contends *National County Mutual* supports her argument that the family member exclusion in underinsured motorist provision of the contract violates public policy.

When it enacted article 5.06–1, the legislature acknowledged that uninsured motorist coverage need not afford protection in every situation in which a tortfeasor is actually uninsured:

> The State Board of Insurance is hereby authorized to promulgate the forms of uninsured and underinsured motorist coverages. *The Board may also, in such forms, define "uninsured motor vehicle" to exclude certain motor vehicles whose operators are in fact uninsured.*

TEX.INS.CODE ANN. art. 5.06–1, (2)(c) (Vernon 1981). (emphasis added).

Unlike the SRA, the Texas Insurance Code expressly permits the adoption of policy forms which limit the definition of "uninsured motor vehicle." Therefore, we do not find *National County Mutual* persuasive in this case.

The Bergensens contracted for a policy which provided a maximum of $100,000 in liability coverage. The underinsured provision of the contract was intended to protect the Bergensens from *other* motorists who failed to maintain adequate coverage *on their vehicles,* not to protect the Bergensens from their own failure to maintain adequate liability insurance. Holding Hartford responsible for the Bergensen's choice not to purchase additional liability coverage would not effectuate the intent of the parties. The contract unambiguously states the underinsured provision does not apply when the vehicle in question is owned by a family member. We find that this exclusion does not contravene the policy underlying article 5.06–1.

Points of error one and two are overruled, and the judgment of the trial court affirmed.

ed); *Conlin v. State Farm Mutual Autombile Insurance Co.,* 828 S.W.2d 332, 336 (Tex.App.— Austin 1992, writ requested).