Opinion issued April 17, 2008










                    




     



In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00278-CV




AMAL CHARIDA, Appellant

V.

ALLSTATE INDEMNITY COMPANY, Appellee




On Appeal from the 151st District Court
Harris County, Texas
Trial Court Cause No. 2005-53299-A




O P I N I O N
          Appellant, Amal Charida, was severely injured while riding in a car owned and
driven by her father, Fawzi Chreida,


 and insured by appellee, Allstate Indemnity
Company (“Allstate”). Chreida failed to stop at a red light and caused a collision
with another car. After exhausting the available coverage under the liability
provision of Chreida’s policy, appellant sought to recover under the
uninsured/underinsured motorist (“UM/UIM”) provision of the policy. When Allstate
refused such coverage, appellant sued Allstate for breach of contract and violations
of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. In
addition, appellant sought a declaratory judgment that she is entitled to the full
benefits under the UM/UIM provision. The trial court rendered summary judgment
in favor of Allstate.
          In her sole issue on appeal, appellant contends that the trial court erred by
granting summary judgment in favor of Allstate because the definitional exclusion
that Allstate relies upon is unenforceable under the Texas Insurance Code.
          We affirm.
BACKGROUND
          On August 17, 2003, appellant was a passenger in Chreida’s car when Chreida
failed to stop at a red light and collided with another car on Westheimer Road in
Houston. It is undisputed that Chreida caused the accident. Appellant’s bodily
injuries resulted in over $66,000 in medical expenses. 
          Chreida carried an Allstate automobile insurance policy that provided liability
and UM/UIM coverage. The declared limit of liability coverage in Chreida’s policy
was $100,000; however, the actual limit was reduced to $20,000 once the family
exclusion under the policy was applied. Appellant settled her negligence claim
against Chreida for $20,000, then sued to recover “the full amount of the
underinsured motorist benefits in the amount of $100,000.”



           Allstate moved for summary judgment on the grounds that it did not breach its
policy of insurance or fail to pay UI/UIM motorist benefits under the policy because
Chreida was not an uninsured/underinsured motorist as defined in the policy. 
Specifically, Allstate pointed to language in the policy stating that an uninsured motor
vehicle does not include any vehicle or equipment owned by or furnished to or
available for the use of the policy holder. Allstate contended that, because the vehicle
in which appellant was injured was owned by Chreida, it “could not have been an
uninsured/underinsured vehicle” as defined under the policy.
 
          In her response to the motion for summary judgment, appellant contended that
“[t]he [definitional] exclusion, though applicable, is invalid and unenforceable under
Texas Insurance Code section 5.06–1 et seq. under the circumstances of this case”
because “it contravenes public policy.” 
          On May 26, 2006, the trial court granted summary judgment in favor of
Allstate. This appeal ensued.Summary Judgment
          Appellant contends that the trial court erred by granting summary judgment in
favor of Allstate because the definitional exclusion that Allstate relies upon is
unenforceable under the Texas Insurance Code. Appellant does not argue that a
genuine issue of material fact exists that would preclude summary judgment in this
case. Rather, she contends that the trial court incorrectly applied substantive law and
thereby erroneously granted summary judgment.
A.      Standard of Review
          The principles governing the review of summary judgments apply in insurance
coverage cases. Hanson v. Republic Ins. Co., 5 S.W.3d 324, 327 (Tex.
App.—Houston [1st Dist.] 1999, pet. denied). We review a trial court’s granting of
a traditional summary judgment de novo. Provident Life & Accident Ins. Co. v. Knott,
128 S.W.3d 211, 215 (Tex. 2003). A summary judgment under Rule of Civil
Procedure 166a(c) is properly granted only when a movant establishes that there are
no genuine issues of material fact and that he is entitled to judgment as a matter of
law. Tex. R. Civ. P. 166a(c); KPMG Peat Marwick v. Harrison County Hous. Fin.
Corp., 988 S.W.2d 746, 748 (Tex. 1999). A defendant moving for summary
judgment must either (1) disprove at least one element of the plaintiff’s cause of
action, or (2) plead and conclusively establish each essential element of an affirmative
defense to rebut plaintiff’s cause. Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995). 
The movant must conclusively establish its right to judgment as a matter of law. See
MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986). A matter is conclusively
established if reasonable people could not differ as to the conclusion to be drawn
from the evidence. City of Keller v. Wilson, 168 S.W.3d 802, 816 (Tex. 2005).
B.      Applicable Law
          We construe insurance contracts under the same rules of construction that
govern ordinary contracts. Hanson, 5 S.W.3d at 328 (citing Trinity Univ. Ins. Co. v.
Cowan, 945 S.W.2d 819, 823 (Tex. 1997)). When a policy permits only one
interpretation, we will construe it has a matter of law and enforce it as written. Id. 
We construe the policy against the insurer and in favor of the insured only when
policy terms are ambiguous. Id. Here, we do not apply the contra-insurer rule
because the parties dispute the effect of a certain policy provision, not its meaning. 
See id.
          Stated generally, the version of Texas Insurance Code article 5.06(1) applicable
at the time of the incident herein provided that no automobile liability insurance
covering liability arising out of the ownership, maintenance, or use of any motor
vehicle will be issued unless coverage is also provided for uninsured and
underinsured motor vehicles.


 Because the insurance coverage at issue is statutorily
mandated, we must interpret policy provisions as written. See id. 
          The legislature specifically authorized the State Board of Insurance to exclude
certain vehicles from the standard policy definition of an uninsured/underinsured
vehicle.


 However, if a provision conflicts with express statutory requirements or
purposes, it is invalid. See id. (citing Mid-Century Ins. Co. v. Kidd, 997 S.W.2d 265,
271–72 (Tex. 1999)). 
 
C.      Analysis 
          The bodily injury liability coverage limit under Chreida’s policy is $100,000
per person. However, Chreida’s policy contains an endorsement that Allstate “does
not provide Liability Coverage for [policy holder: Chreida] . . . for bodily injury to
. . . any family member, except to the extent of the minimum limits of Liability
Coverage required by . . . [the] Texas Motor Vehicle Safety Responsibility Act.” See
Liberty Mut. Fire Ins. Co. v. Sanford, 879 S.W.2d 9, 10 (Tex. 1994) (considering
scope of Nat. County Mut. Ins. Co. v. Johnson, 879 S.W.2d 1, 5 (Tex. 1993), as
invalidating family-member exclusion to extent it removes statutory mandatory
minimum liability coverage required of motorists in Texas) (referred to herein as
“Sanford/Johnson”); Hanson, 5 S.W.3d at 329. Here, at the time of the collision, the
statutory minimum limit of liability coverage required by the Texas Motor Vehicle
Safety Responsibility Act was $20,000.


 Appellant received $20,000 under the
liability coverage portion of Chreida’s policy. 
          By her petition, appellant sought to recover “the full amount of the
underinsured motorist benefits in the amount of $100,000” in Chreida’s policy.


 
Allstate contends that Chreida is not uninsured/underinsured as defined in the policy,
and thus appellant cannot recover under the UM/UIM provision.
          Under the UM/UIM provision, the policy provides that it “will pay damages
which a covered person is legally entitled to recover from the owner . . . of an
uninsured motor vehicle because of bodily injury sustained by a covered person.” 
However, “the owner’s . . . liability for these damages must arise out of the
ownership, maintenance, or use of the uninsured motor vehicle.” The policy provides
that an “uninsured motor vehicle’ means a land motor vehicle . . . to which no liability
bond or policy applies at the time of the incident.” In addition, the policy provides
that an “‘uninsured motor vehicle’ does not include any vehicle or equipment . . .
[o]wned by or furnished or available for the use of [policy holder: Chreida] or any
family member.” (Emphasis added.) Here, the vehicle in which appellant was injured
is owned by Chreida and is covered by the Allstate policy at issue herein. Hence,
under the plain language of the policy, Chreida’s vehicle is not “uninsured.”



          The policy defines an underinsured motor vehicle as “one to which a . . . 
policy applies . . . but its limit of liability either . . . is not enough to pay the full
amount the covered person is legally entitled to recover as damages; or . . . has been
reduced by payment of claims to an amount which is not enough to pay the full
amount the covered person is legally entitled to recover as damages.”
          Appellant contends that Chreida is underinsured because, once the family
exclusion and Sanford/Johnson are applied to the liability coverage available under
Chreida’s policy, Chreida’s coverage is insufficient to pay the amount she is legally
entitled to recover. Appellant contends that whether the “owned by or furnished or
available for the use of” definitional exclusion in the policy applies to UM/UIM
coverage requires a case-by-case analysis of whether the exclusion would deprive the
insured of the protection required by the uninsured/underinsured statute, citing
Briones v. State Farm Mut. Ins. Co., 790 S.W.2d 70, 74 (Tex. App.—San Antonio
1990, writ denied). 
          In Briones, the court considered whether the definitional exclusion was a valid
restriction on the insurer’s obligation to pay UM/UIM benefits and, on the facts
presented therein, concluded that it was not. Id. However, a very narrow set of facts
was presented in Briones. There, Briones was injured while riding in an uninsured
vehicle furnished by his employer and driven by an uninsured co-worker. Id. at 71. 
When Briones sought to recover under the UM/UIM clause of his own automobile
policy, State Farm refused coverage on the basis of the definitional exclusion because
the vehicle in which Briones was injured was “furnished for” his “regular use.” Id. 
In refusing to uphold the definitional exclusion, the court reasoned that applying the
exclusion on the facts therein totally deprived the insured of the protection required
by the UM/UIM statute. Id. at 74.
          Appellant also relies on this court’s opinion in Hanson to support her
contention that the definitional exclusion should not be applied to the UM/UIM
provision in this case because it deprives appellant of the protection required by the
UM/UIM statute. 
          In Hanson, a child, Danny Hanson, was riding in the family car, which was
driven by his father, and became severely injured in a three-car collision. Hanson, 5
S.W.3d at 326. Mr. Hanson was ticketed, but, importantly, one of the other drivers,
Corson, paid the limits of his liability insurance to the Hansons, which was $25,000. 
Id. Mr. Hanson’s insurer, Republic, then deposited the full amount of Hanson’s
UM/UIM coverage ($100,000) into the registry of the court. Id. Republic did not
dispute that it owed the $100,000 limit on the policy.
          Subsequently, Mrs. Hanson sued Mr. Hanson for negligence, and Danny was
ultimately awarded $7 million in damages. Id. at 326–27. Republic contended that,
because it had already deposited the full amount of Hanson’s total coverage limit of
$100,000 with the court, it had no further duty to indemnify Mr. Hanson. Id.
 
          We held that Republic “had no duty to indemnify Mr. Hanson beyond $20,000
under the liability coverage of the policy,” as mandated in Johnson. Id. at 329. The
issue then was the effect of language in the policy stating that $100,000 was the
maximum amount payable under the policy for all damages resulting from one auto
accident, regardless of the number of covered persons, claims made, or vehicles
involved in the accident, and that any payment under the liability provision would
reduce the amount available under other provisions accordingly. Id. at 329–30. We
concluded that the $20,000 paid was a valid offset against the $100,000 maximum
available under the policy. Id. at 333. 
          Appellant contends that here, like Hanson, she has received $20,000 of a policy
with a $100,000 maximum and that, also like Hanson, she should be able to recover
at least the remaining $80,000 under the UM/UIM provision in her policy.
          Important facts, however, distinguish Hanson from the instant case. First, the
definitional exclusions at issue in the instant case were never raised by the insurer in
Hanson. Second, Hanson involved multiple vehicles and, apparently, more than one
person at fault. There, one of the other drivers, Corson, paid the limits of his own
liability policy to the Hansons. Corson’s coverage was clearly inadequate to cover
the level of damages Danny sustained, which appears to have triggered the UIM
provision in Hanson’s own policy, since, right after Corson’s payment, Republic paid
the UM/UIM limit into the registry of the court. These events took place a year prior
to Mrs. Hanson’s suit against Mr. Hanson. Notably also, one of the issues raised in
Hanson, although we concluded that it had not been preserved, was that the trial court
had improperly granted Republic a credit against the UM/UIM benefits for the
payment received from Corson. Here, there is nothing in the record presented to
suggest that anyone other than Chreida is at fault. See Kidd, 997 S.W.2d at 268
(explaining that UM/UIM is fault-based). We acknowledged in Hanson that
“UM/UIM coverage indemnifies the insured only for those damages proximately
caused by the negligence of another driver.” Hanson, 5 S.W.3d at 328 (citing Kidd,
997 S.W.2d at 268–69, 274–76).
          As Allstate contends, this and other courts have upheld the definitional
exclusion in cases in which family members have sought to recover under both the
liability and the UM/UIM provisions of the same policy.
          In Bergensen v. Hartford Ins. Co. of the Midwest, the appellant was injured
while riding in a vehicle driven by her husband. 845 S.W.2d 374, 375 (Tex.
App.—Houston [1st Dist.] 1992, writ ref’d). The appellant settled her claim against
her husband for the limits under the liability provision of his insurance policy and
then sought to recover underinsured motorist benefits under the same policy. Id. We
determined that the purpose of Article 5.06–1 of the Texas Insurance Code (the
UM/UIM statute) is to protect the insured, his family, and guests from the
“negligence of others” and that “negligence of others” refers to negligence of
strangers to the policy holder, not to members of the policy holder’s family. Id. at
376–77. 
          In Farmers Tex. County Mut. Ins. Co. v. Griffin, Cindy Griffin and her minor
children suffered injuries when the automobile in which they were riding, which was
driven by Griffin’s husband, was involved in an accident as a result of Mr. Griffin’s
negligence. 868 S.W.2d 861, 862 (Tex. App.—Dallas 1993, writ denied). The
Griffins carried a family insurance policy through Farmers Insurance that provided
liability insurance, personal injury protection, and UM/UIM coverage. Id. Farmers
paid the maximum amount of bodily-injury coverage “available per person per
accident under the liability portion of the policy.” Id. However, the Griffins’ injuries
exceeded the amount available, so the Griffins made claims against the same policy
for UIM benefits. Id. at 862–63. The trial court awarded the Griffins $40,000 under
the UIM provision and Farmers appealed. Id. at 863.
          There, as in the case before us, the insurer had declined coverage because the
family-owned vehicle involved was excluded under the definition of an
uninsured/underinsured motor vehicle in the policy. Id. Also similarly, the insureds
had sought a declaration that the definition of an uninsured/underinsured motor
vehicle in the policy contravened the purposes of the UM/UIM statute. Id. Thus, the
issue before the court on appeal was “whether the definitional exclusion at issue,
which could be characterized as a family-member exclusion under the circumstances,
undermines the intent and purpose of the UIM statute.” Id. at 867. 
          On appeal, the court reversed the award of UIM benefits to the Griffins. The
court reasoned that a guest in the insured driver’s car would recover liability benefits
from the insured driver as well as UIM coverage under the guest’s own policy (if his
damages exceeded the liability limits of the insured drived). Id. at 867–68. However,
the injured passenger who happens to be related to the driver and covered under the
same policy as the driver is resigned to only the liability portion of that policy, even
though her damages exceed the policy’s liability limits. Id. at 868. 
          The court further reasoned that allowing the guest to recover under both the
liability and UIM portion of the same policy would clearly convert the insured’s UIM
to a second layer of coverage. Id. The insured purchased UIM coverage to protect
himself and his guest from negligent, financially irresponsible drivers in other
automobiles. Id. Neither the insurer nor the insured contemplated recovery under
both provisions of the policy in the cost of the UIM coverage. Id. Disallowing such
recovery fulfills the objective of the UIM statute and the intent of the insured driver
in purchasing the UIM coverage. Id. In a suit between insureds on the same policy,
the need to protect UIM coverage from becoming liability insurance remains. Id.
          Appellant contends that Griffin in distinguishable because the Griffins first
exhausted the liability limit as stated in the policy and then attempted to further
recover under the UM/UIM provision of the same policy. We do not see that
appellant presents a different scenario in this case. 
          Under Sanford/Johnson, the insurer is obligated to pay insured family members
the statutorily imposed minimum limit of liability insurance, and nothing in Johnson
encourages the invalidation of the definitional exclusion at issue to award injured
family members UIM benefits in addition to the statutorily imposed minimum
liability limit. Id. at 869. Allstate contends, and we agree, that to allow a family
member to collect underinsured motorist benefits above the statutory minimum
liability limits would render the supreme court’s holding in Johnson meaningless.
According to Allstate, “any family member whose recovery under the liability
provisions of a policy was limited to the statutory minimum by the family member
exclusion could simply turn to the underinsured motorist portion of the same policy
to collect the balance.” 
          The purpose of UM/UIM coverage is to protect against the negligence of
strangers to the policy, not family members. See Bergensen, 845 S.W.2d at 376; see
also In re Texas Ass’n of Sch. Bds., 169 S.W.3d 653, 660 (Tex. 2003) (explaining that
“UM/UIM coverage indemnifies insureds against only those damages proximately
caused by the other driver’s negligence” (emphasis added)); Rosales v. State Farm
Mut. Auto. Ins. Co., 835 S.W.2d 804, 806 (Tex. App.—Austin 1992, writ denied). 
We cannot conclude that the trial court erred by upholding the definitional exclusion
in this case. We hold that summary judgment was properly granted in favor of
Allstate.
          Appellant’s sole issue is overruled. 
ConclusionWe affirm the judgment of the trial court. 


 


                                                             Laura Carter Higley 
                                                             Justice
 
Panel consists of Justices Nuchia, Hanks, and Higley.