COURT OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                      FORT
WORTH

 

 

                                           NO.
2-07-463-CV

 

 

ROXANNE HUNTER,                                                             APPELLANT

INDIVIDUALLY AND AS

NEXT FRIEND OF H.H.,

A MINOR

                                                      V.

 

STATE FARM COUNTY MUTUAL                                              APPELLEE

INSURANCE COMPANY OF

TEXAS A/K/A STATE FARM

INSURANCE
COMPANY                                                                         

 

                                                  ------------

 

              FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY

 

                                                  ------------

 

                                  MEMORANDUM OPINION[1]

 

                                                  ------------

I.  Introduction








This is an appeal from the trial court=s grant
of summary judgment denying a claim for underinsured motorist coverage.  Appellant Roxanne Hunter, individually and as
next friend of H.H., her minor daughter, filed suit against Appellee State Farm
County Mutual Insurance Company of Texas, a/k/a State Farm Insurance
Company.  Appellant raises three
issues.  First, Appellant argues that the
trial court erred by ruling that the Afamily
member@
exception of the family=s automobile insurance policy
was applicable to exclude underinsured motorist coverage because the exception
violates public policy.  Second,
Appellant argues that the underinsured motorist coverage did not apply to H.H.=s
injuries and damages.  Third, Appellant
argues that the trial court improperly acted as a factfinder regarding H.H.=s actual
damages.[2]  We will affirm. 

II.  Factual and Procedural Background








This case involves an automobile accident that
allegedly occurred on November 13, 2003. 
Appellant alleges that H.H. was injured while riding as a passenger in a
vehicle driven by her sister, Heather. 
At the time of the alleged accident, Appellant=s family
maintained a personal automobile insurance policy through State Farm, the
vehicle Heather was driving was a described vehicle under that policy, and
Heather was a named insured driver. 
Heather collided with a utility trailer that was attached to a truck
owned by the city of Fort Worth. 
Allegedly, the Fort Worth truck was illegally parked.  Appellant alleged that both Heather and the
city of Fort Worth were guilty of negligence. Appellant, however, settled with
both potential tortfeasers.  Appellant
settled with Heather for $20,000.00 and with the city of Fort Worth for
$75,000.00. After these settlements, Appellant filed her amended petition
against State Farm claiming underinsured motorist benefits.  State Farm filed a motion for summary
judgment claiming that the policy=s
explicit terms excluded underinsured motorist benefits.  The trial court granted State Farm=s
summary judgment.  This appeal
followed.  

The personal automobile insurance policy
Appellant=s family maintained through
State Farm at the time of the accident contained the following language:

We
will pay damages which a covered person is legally entitled to
recover from the owner or operator of an uninsured motor vehicle
because of bodily injury sustained by a covered person
. . . caused by an accident.

 

. . .
. 

 

Covered
person . . .
means . . . any family member [or] [a]ny other person occupying
[a] covered auto . . . 

 

. . .
. 

 








Uninsured
motor vehicle means a land motor vehicle or trailer . . . [w]hich is an
underinsured motor vehicle.  An
underinsured motor vehicle is one to which a liability bond or policy applies
at the time of the accident but its limit of liability [is] either
. . . not enough to pay the full amount the covered person is
legally entitled to recover as damages . . . or . . . has
been reduced by payment of claims to an amount which is not enough to pay the
full amount the covered person is legally entitled to recover as
damages.

 

. . .
. 

 

However,
uninsured motor vehicle does not include any vehicle or
equipment:

 

1.      Owned
by or furnished or available for the regular use of you or any family
member.

. . .
. 

 

3.      [or]
[o]wned by any governmental body . . . . (Emphasis original).

 

Appellant concedes that she cannot recover
underinsured coverage benefits related to any alleged acts or omissions by the
city of Fort Worth. Appellant argues, however, that despite HeatherCat the
time of the accidentCbeing a family member as defined
by the policy and driving a described vehicle under the policy, application of
the family member exception to preclude underinsured coverage benefits related
to Heather=s alleged acts or omissions
violates public policy.  

III.  Standard of Review








We review a trial court=s
granting of a traditional summary judgment de novo.  Provident Life & Accident Ins. Co. v.
Knott, 128 S.W.3d 211, 215 (Tex. 2003). 
A summary judgment under Rule of Civil Procedure 166a(c) is properly
granted only when a movant establishes that there are no genuine issues of
material fact and that the movant is entitled to judgment as a matter of
law.  Tex. R. Civ. P. 166a(c); Sw.
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002); City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 676 (Tex. 1979).  A defendant moving for summary judgment must
either (1) disprove at least one element of the plaintiff=s cause
of action, or (2) plead and conclusively establish each essential element of an
affirmative defense to rebut plaintiff=s
cause.  See IHS Cedars
Treatment Ctr. of DeSoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 798
(Tex. 2004); see also Cathey v. Booth, 900 S.W.2d 339, 341 (Tex.
1995).  The movant must conclusively
establish its right to judgment as a matter of law.  See MMP, Ltd. v. Jones, 710 S.W.2d 59,
60 (Tex. 1986).  A matter is conclusively
established if reasonable people could not differ as to the conclusion to be
drawn from the evidence.  City of
Keller v. Wilson, 168 S.W.3d 802, 816 (Tex. 2005).

IV.  Applicable Law








We construe insurance contracts under the same
construction rules that govern ordinary contracts.  Gomez v. Allstate Texas Lloyds Ins. Co.,
241 S.W.3d 196, 201 (Tex. App.CFort
Worth 2007, no pet.).  In applying these
rules, our primary concern is to ascertain the parties= intent
as expressed in the policy=s
language.  See Kelley‑Coppedge,
Inc. v. Highlands Ins. Co., 980 S.W.2d 462, 464 (Tex. 1998).  When determining the parties= intent,
we examine only the insurance policy=s
language to see what is actually stated. 
See Esquivel v. Murray Guard, Inc., 992 S.W.2d 536, 544 (Tex.
App.CHouston
[14th Dist.] 1999, pet. denied).  We must
consider all of the provisions with reference to the entire policy; no single
provision will be controlling.  Coker
v. Coker, 650 S.W.2d 391, 393 (Tex. 1983). 

Stated generally, the version of Texas Insurance
Code article 5.06 applicable to this case at the time of the alleged accident
provided that no automobile liability insurance covering liability arising out
of the ownership, maintenance, or use of any motor vehicle will be issued
unless coverage is also provided for uninsured and underinsured motor vehicles.[3]  Because the insurance coverage at issue is
statutorily mandated, we must interpret policy provisions as written.  See Mid‑Century Ins. Co. v.
Kidd, 997 S.W.2d 265, 271B72 (Tex.
1999) (stating that Texas courts Aare bound
to interpret the statutes and [Texas Department of Insurance]‑approved
policy provisions as written@). 








The legislature specifically authorized the Texas
Department of Insurance to exclude certain vehicles from the standard policy
definition of an uninsured or underinsured vehicle.[4]  If, however, a provision conflicts with
express statutory requirements or purposes, it is invalid.  See Kidd, 997 S.W.2d at 271B72.

V.  The Family Use Exception








Texas law is well settled that the policy
language at issue in this case unambiguously excludes vehicles owned by or
furnished for the regular use of an insured or family member from the
definition of uninsured motor vehicle and that such a limitation of coverage
does not contravene public policy.[5]  See Scarborough v. Employers Cas. Co., 820
S.W.2d 32, 34 (Tex. App.CFort Worth, 1991, writ denied)
(holding that automobile policy which excluded from definition of uninsured
vehicle any vehicle owned by or available for regular use by insured or family
member was valid and did not contravene public policy); see also Bergenson
v. Hartford Ins. Co. of the Midwest, 845 S.W.2d 374, 377 (Tex. App.CHouston[1st
Dist.] 1992, writ ref=d) (holding that policy=s
exclusion of family car from definition of Auninsured
motor vehicle@ did not contravene purpose of
Texas=
uninsured motorist statute); Charida v. Allstate Indemnity Co., 259
S.W.3d 870, 874 (Tex. App.CHouston
[1st Dist.] 2008, no pet.) (holding that definition of Auninsured
motor vehicle@ excluded vehicle owned by or
furnished or available for use of named insured or any family member); State
Farm Mut. Ins. Co. v. Conn, 842 S.W.2d 350, 351 (Tex. App.CTyler
1992, writ denied) (holding that policy language excluding from definition of Auninsured
motor vehicle@ any vehicle or equipment Aowned by
or furnished or available for the regular use of you or any family member@
consistent with intent of Texas Legislature when it enacted statute requiring
provision of underinsured coverage). 
Hence, under the plain language of the policy, the vehicle that Heather
was driving at the time of the accident in question was not an underinsured
vehicle.








Recognizing the volume of law against her
position, in her brief and in oral argument, Appellant asked this court to
consider the case of Jankowiak v. Allstate Property & Casualty Insurance
Company for the proposition that the particular family member exception
applicable in this case contravenes public policy.  201 S.W.3d 200, 210 (Tex. App.CHouston
[14th Dist.] 2006, no pet.)  Appellant=s
reliance on Jankowiak is misplaced. 
First, as Appellant=s
counsel acknowledged during oral argument, Jankowiak did not involve the
family member exception applicable to this case.  Second, counsel further acknowledged in oral
argument that if the Supreme Court of Texas gave the opinion in
Bergenson v. Hartford Insurance Company of the Midwest the notation of Awrit
refused,@ we as a
court are bound by that opinion to uphold the trial court=s
judgment applying the family member exception to the facts of this case.[6]  845 S.W.2d at 377.  We are, in fact, bound by Bergensen
because our supreme court gave it the notation of writ refused.  See Id. 








In Bergensen, the appellant was injured
while riding in a vehicle driven by her husband.  Id. at 375.  The appellant settled her claim against her
husband for the limits under the liability provision of his insurance policy
and then sought to recover underinsured motorist benefits under the same
policy.  Id.  The court determined that the purpose of
Article 5.06 of the Texas Insurance Code is to protect the insured, the insured=s
family, and guests from the Anegligence
of others@ and that Anegligence
of others@ refers to negligence of
strangers to the policy holder, not to members of the policy holder=s
family.  Id. at 376B77.  The supreme court refused writ without
qualification.  Such cases have equal
precedential value as the Supreme Court of Texas=s own
opinions.  See Tex. R. App. P.
56.1(c).

In this case, H.H. was injured while riding in a
vehicle driven by her sister.  H.H. has
settled her claim against her sister under the liability provisions of the
family=s
insurance policy.  Appellant now seeks to
recover underinsured motorist benefits under the same policy.  The policy=s family
member exception, however, applies in this case, and under BergensenCand a
volume of Texas lawCAppellant cannot recover
underinsured motorist benefits.  We hold
that the trial court did not err by granting summary judgment based on
application of the policy exception applicable to the facts of this case and
overrule Appellant=s first issue.  Having overruled Appellant=s first
issue, we need not address her second and third issues.








VI.  Conclusion

For the foregoing reasons, we affirm the trial
court=s
judgment. 

 

 

DIXON
W. HOLMAN

JUSTICE

PANEL:  HOLMAN, GARDNER, and
WALKER, JJ.

WALKER, J. concurs without opinion.

DELIVERED:  December 18, 2008











[1]See Tex. R. App. P. 47.4.





[2]Appellant concedes that
her second and third issues are briefed Ain an abundance of caution@ and that if the trial
court was correct in deciding that the family member exception applies to the
facts of this case without contravening public policy, both her second and
third issues are superfluous.





[3]See Act of May 27, 1981,
67th Leg., R.S., ch. 380, ' 1, 1981 Tex. Gen. Laws 1002, 1002,
repealed by Act of May 24, 2005, 79th Leg., R.S., ch. 727, ' 18, 2005 Tex. Gen.
Laws 1752, 2186B87 (effective April 1,
2007) (current version at Tex. Ins. Code Ann. ' 1952.101 (Vernon
Supp. 2008)).





[4]See Act of June 2, 2003,
78th Leg., R.S., ch. 206, ' 21.08, 2003 Tex. Gen. Laws 907, 950B51 (effective June 11,
2003), repealed by Act of May 24, 2005, 79th Leg., R.S., ch. 727, ' 18, 2005 Tex. Gen.
Laws 1752, 2186B87 (current version at
Tex. Ins. Code Ann. ' 1952.102 (Vernon
Supp. 2008)).





[5]Underinsured vehicleCas the cited policy
language above conveysCalso includes
underinsured vehicles.  





[6]The notation Awrit refused@ indicates that the
supreme court found that Athe court of appeals= judgment is correct and
that the legal principles announced in the opinion are likewise correct.@ Tex. R. App. P. 56.1(c).
Thus, Aa decision
. . . in which the Supreme Court refuses a writ of error is as
binding as a decision of the Supreme Court itself.@ >21' Int=l Holdings v.
Westinghouse Elec. Corp., 856 S.W.2d 479, 483 (Tex. App.CSan Antonio 1993, no writ) (citing Ohler v.
Trinity Portland Cement Co., 181 S.W.2d 120, 123 (Tex. Civ. App.CGalveston 1944, no
writ)).