

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-07-463-CV

ROXANNE HUNTER,                                         APPELLANT
INDIVIDUALLY AND AS
NEXT FRIEND OF H.H.,
A MINOR

V.

STATE FARM COUNTY MUTUAL                                APPELLEE
INSURANCE COMPANY OF
TEXAS A/K/A STATE FARM
INSURANCE COMPANY

------------

### FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

This is an appeal from the trial court's grant of summary judgment

denying a claim for underinsured motorist coverage. Appellant Roxanne Hunter,

---

[1] *See* Tex. R. App. P. 47.4.

individually and as next friend of H.H., her minor daughter, filed suit against Appellee State Farm County Mutual Insurance Company of Texas, a/k/a State Farm Insurance Company. Appellant raises three issues. First, Appellant argues that the trial court erred by ruling that the "family member" exception of the family's automobile insurance policy was applicable to exclude underinsured motorist coverage because the exception violates public policy. Second, Appellant argues that the underinsured motorist coverage did not apply to H.H.'s injuries and damages. Third, Appellant argues that the trial court improperly acted as a factfinder regarding H.H.'s actual damages.[2] We will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

This case involves an automobile accident that allegedly occurred on November 13, 2003. Appellant alleges that H.H. was injured while riding as a passenger in a vehicle driven by her sister, Heather. At the time of the alleged accident, Appellant's family maintained a personal automobile insurance policy through State Farm, the vehicle Heather was driving was a described vehicle under that policy, and Heather was a named insured driver. Heather collided

---

[2] Appellant concedes that her second and third issues are briefed "in an abundance of caution" and that if the trial court was correct in deciding that the family member exception applies to the facts of this case without contravening public policy, both her second and third issues are superfluous.

2

with a utility trailer that was attached to a truck owned by the city of Fort Worth. Allegedly, the Fort Worth truck was illegally parked. Appellant alleged that both Heather and the city of Fort Worth were guilty of negligence. Appellant, however, settled with both potential tortfeasors. Appellant settled with Heather for $20,000.00 and with the city of Fort Worth for $75,000.00. After these settlements, Appellant filed her amended petition against State Farm claiming underinsured motorist benefits. State Farm filed a motion for summary judgment claiming that the policy's explicit terms excluded underinsured motorist benefits. The trial court granted State Farm's summary judgment. This appeal followed.

The personal automobile insurance policy Appellant's family maintained through State Farm at the time of the accident contained the following language:

> We will pay damages which a ***covered person*** is legally entitled to recover from the owner or operator of an ***uninsured motor vehicle*** because of bodily injury sustained by a ***covered person*** . . . caused by an accident.
>
> . . . .
>
> ***Covered person*** . . . means . . . any ***family member*** [or] [a]ny other person ***occupying [a] covered auto*** . . .
>
> . . . .
>
> ***Uninsured motor vehicle*** means a land motor vehicle or trailer . . . [w]hich is an underinsured motor vehicle. An underinsured motor vehicle is one

3

to which a liability bond or policy applies at the time of the accident but its limit of liability [is] either . . . not enough to pay the full amount the *covered person* is legally entitled to recover as damages . . . or . . . has been reduced by payment of claims to an amount which is not enough to pay the full amount the *covered person* is legally entitled to recover as damages.

. . . .

However, *uninsured motor vehicle* does not include any vehicle or equipment:

> 1.  Owned by or furnished or available for the regular use of you or any *family member*.
>
> . . . .
>
> 3.  [or] [o]wned by any governmental body . . . . (Emphasis original).

Appellant concedes that she cannot recover underinsured coverage benefits related to any alleged acts or omissions by the city of Fort Worth. Appellant argues, however, that despite Heather—at the time of the accident—being a family member as defined by the policy and driving a described vehicle under the policy, application of the family member exception to preclude underinsured coverage benefits related to Heather's alleged acts or omissions violates public policy.

### III. STANDARD OF REVIEW

We review a trial court's granting of a traditional summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex.

4

2003).  A summary judgment under Rule of Civil Procedure 166a(c) is properly granted only when a movant establishes that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Sw. Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex. 2002); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 676 (Tex. 1979).  A defendant moving for summary judgment must either (1) disprove at least one element of the plaintiff's cause of action, or (2) plead and conclusively establish each essential element of an affirmative defense to rebut plaintiff's cause.  *See IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004); *see also Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995).  The movant must conclusively establish its right to judgment as a matter of law.  *See MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986).  A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence.  *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

### IV.  APPLICABLE LAW

We construe insurance contracts under the same construction rules that govern ordinary contracts.  *Gomez v. Allstate Texas Lloyds Ins. Co.,* 241 S.W.3d 196, 201 (Tex. App.—Fort Worth 2007, no pet.).  In applying these rules, our primary concern is to ascertain the parties' intent as expressed in the

5

policy's language.  *See Kelley-Coppedge, Inc. v. Highlands Ins. Co.*, 980 S.W.2d 462, 464 (Tex. 1998).  When determining the parties' intent, we examine only the insurance policy's language to see what is actually stated.  *See Esquivel v. Murray Guard, Inc.*, 992 S.W.2d 536, 544 (Tex. App.—Houston [14th Dist.] 1999, pet. denied).  We must consider all of the provisions with reference to the entire policy; no single provision will be controlling.  *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983).

Stated generally, the version of Texas Insurance Code article 5.06 applicable to this case at the time of the alleged accident provided that no automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle will be issued unless coverage is also provided for uninsured and underinsured motor vehicles.[3]  Because the insurance coverage at issue is statutorily mandated, we must interpret policy provisions as written.  *See Mid-Century Ins. Co. v. Kidd*, 997 S.W.2d 265, 271–72 (Tex. 1999) (stating that Texas courts "are bound to interpret the statutes and [Texas Department of Insurance]-approved policy provisions as written").

---

[3] *See* Act of May 27, 1981, 67th Leg., R.S., ch. 380, § 1, 1981 Tex. Gen. Laws 1002, 1002, *repealed by* Act of May 24, 2005, 79th Leg., R.S., ch. 727, § 18, 2005 Tex. Gen. Laws 1752, 2186–87 (effective April 1, 2007) (current version at Tex. Ins. Code Ann. § 1952.101 (Vernon Supp. 2008)).

The legislature specifically authorized the Texas Department of Insurance to exclude certain vehicles from the standard policy definition of an uninsured or underinsured vehicle.[4]  If, however, a provision conflicts with express statutory requirements or purposes, it is invalid.  *See Kidd*, 997 S.W.2d at 271–72.

## V.  THE FAMILY USE EXCEPTION

Texas law is well settled that the policy language at issue in this case unambiguously excludes vehicles owned by or furnished for the regular use of an insured or family member from the definition of uninsured motor vehicle and that such a limitation of coverage does not contravene public policy.[5]  *See Scarborough v. Employers Cas. Co.,* 820 S.W.2d 32, 34 (Tex. App.—Fort Worth, 1991, writ denied) (holding that automobile policy which excluded from definition of uninsured vehicle any vehicle owned by or available for regular use by insured or family member was valid and did not contravene public policy); *see also Bergenson v. Hartford Ins. Co. of the Midwest*, 845 S.W.2d 374, 377

---

[4] *See* Act of June 2, 2003, 78th Leg., R.S., ch. 206, § 21.08, 2003 Tex. Gen. Laws 907, 950–51 (effective June 11, 2003), *repealed by* Act of May 24, 2005, 79th Leg., R.S., ch. 727, § 18, 2005 Tex. Gen. Laws 1752, 2186–87 (current version at Tex. Ins. Code Ann. § 1952.102 (Vernon Supp. 2008)).

[5] Underinsured vehicle—as the cited policy language above conveys—also includes underinsured vehicles.

(Tex. App.—Houston[1st Dist.] 1992, writ ref'd) (holding that policy's exclusion of family car from definition of "uninsured motor vehicle" did not contravene purpose of Texas' uninsured motorist statute); *Charida v. Allstate Indemnity Co.*, 259 S.W.3d 870, 874 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (holding that definition of "uninsured motor vehicle" excluded vehicle owned by or furnished or available for use of named insured or any family member)*; State Farm Mut. Ins. Co. v. Conn*, 842 S.W.2d 350, 351 (Tex. App.—Tyler 1992, writ denied) (holding that policy language excluding from definition of "uninsured motor vehicle" any vehicle or equipment "owned by or furnished or available for the regular use of you or any family member" consistent with intent of Texas Legislature when it enacted statute requiring provision of underinsured coverage). Hence, under the plain language of the policy, the vehicle that Heather was driving at the time of the accident in question was not an underinsured vehicle.

Recognizing the volume of law against her position, in her brief and in oral argument, Appellant asked this court to consider the case of *Jankowiak v. Allstate Property & Casualty Insurance Company* for the proposition that the particular family member exception applicable in this case contravenes public policy. 201 S.W.3d 200, 210 (Tex. App.—Houston [14th Dist.] 2006, no pet.) Appellant's reliance on *Jankowiak* is misplaced. First, as Appellant's counsel

8

acknowledged during oral argument, *Jankowiak* did not involve the family member exception applicable to this case. Second, counsel further acknowledged in oral argument that *if* the Supreme Court of Texas gave the opinion in *Bergenson v. Hartford Insurance Company of the Midwest* the notation of "writ refused," we as a court are bound by that opinion to uphold the trial court's judgment applying the family member exception to the facts of this case.[6] 845 S.W.2d at 377. We are, in fact, bound by *Bergensen* because our supreme court gave it the notation of writ refused. *See Id*.

In *Bergensen*, the appellant was injured while riding in a vehicle driven by her husband. *Id*. at 375. The appellant settled her claim against her husband for the limits under the liability provision of his insurance policy and then sought to recover underinsured motorist benefits under the same policy. *Id*. The court determined that the purpose of Article 5.06 of the Texas Insurance Code is to protect the insured, the insured's family, and guests from the "negligence of others" and that "negligence of others" refers to negligence of strangers to the

---

[6] The notation "writ refused" indicates that the supreme court found that "the court of appeals' judgment is correct and that the legal principles announced in the opinion are likewise correct." Tex. R. App. P. 56.1(c). Thus, "a decision . . . in which the Supreme Court refuses a writ of error is as binding as a decision of the Supreme Court itself." *'21' Int'l Holdings v. Westinghouse Elec. Corp.*, 856 S.W.2d 479, 483 (Tex. App.—San Antonio 1993, no writ) (citing *Ohler v. Trinity Portland Cement Co.*, 181 S.W.2d 120, 123 (Tex. Civ. App.—Galveston 1944, no writ)).

policy holder, not to members of the policy holder's family. *Id.* at 376–77. The supreme court refused writ without qualification. Such cases have equal precedential value as the Supreme Court of Texas's own opinions. *See* Tex. R. App. P. 56.1(c).

In this case, H.H. was injured while riding in a vehicle driven by her sister. H.H. has settled her claim against her sister under the liability provisions of the family's insurance policy. Appellant now seeks to recover underinsured motorist benefits under the same policy. The policy's family member exception, however, applies in this case, and under *Bergensen*—and a volume of Texas law—Appellant cannot recover underinsured motorist benefits. We hold that the trial court did not err by granting summary judgment based on application of the policy exception applicable to the facts of this case and overrule Appellant's first issue. Having overruled Appellant's first issue, we need not address her second and third issues.

## VI. CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

DIXON W. HOLMAN
JUSTICE

PANEL:  HOLMAN, GARDNER, and WALKER, JJ.

WALKER, J. concurs without opinion.

DELIVERED:  December 18, 2008

11