**Reversed and Rendered and Majority and Dissenting Opinions filed May 14, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-22-00450-CV

---

### PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY, Appellant

### V.

### ARTEMIZ FREEMAN, Appellee

---

**On Appeal from the 113th District Court
Harris County, Texas
Trial Court Cause No. 2019-25906**

---

## M A J O R I T Y   O P I N I O N

Appellee Artemiz Freeman sought to collect uninsured/underinsured motorist benefits under her policy with appellant Progressive County Mutual Insurance Co. ("Progressive"). Progressive denied coverage under the policy's regular-use exclusion and Freeman filed suit. Resolving the parties' cross-motions for summary judgment, the trial court concluded that the regular-use exclusion violated public policy and Progressive appealed the trial court's determination.

For the reasons below, we reverse the trial court's summary judgment and render judgment for Progressive.

BACKGROUND

Freeman is employed as a police officer with the City of Houston. On February 13, 2018, Freeman was in her police vehicle when she was rear-ended by another car. The driver of that car had an insurance policy that provided $50,000 in liability coverage to Freeman.

However, Freeman's expenses from the accident exceeded $50,000. Freeman filed for uninsured/underinsured motorist ("UM/UIM") and personal injury protection benefits under her personal automobile insurance policy issued by Progressive. The policy provides UM/UIM motorist benefits and states that Progressive "will pay for damages that an insured person is legally entitled to recover from the owner or operator of an uninsured[1] motor vehicle because of bodily injury" that is sustained by an insured person in an accident arising out of the use of an uninsured motor vehicle. The policy also includes a regular-use exclusion applicable to this coverage which states, in relevant part, as follows:

> **EXCLUSIONS — READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART III.**
>
> Coverage under this Part III [regarding UI/UIM benefits] will not apply:
>
> 1. to bodily injury sustained by any person using or occupying:
>
>       *       *       *
>
>    d. a motor vehicle *that is owned by or available for the regular use of you or a relative*.

---

[1] The policy's definition of an "uninsured" motor vehicles includes an "underinsured" motor vehicle.

(emphasis added).

Citing this exclusion, Progressive denied Freeman's claim for UM/UIM benefits on the grounds that her policy excluded bodily injury sustained while a person was using or occupying a motor vehicle "owned by or available for the regular use" of the insured. According to Progressive, Freeman's police vehicle fell within the exclusion's definition of a vehicle "available for [her] regular use."

Progressive paid Freeman personal injury protection benefits pursuant to her policy. Freeman also received workers' compensation benefits from the City of Houston.

Freeman sued Progressive in June 2019, asserting claims for breach of contract, breach of the duty of good faith and fair dealing, and violations of the Texas Insurance Code. Freeman also requested a declaratory judgment stating that she is entitled to an award of UM/UIM benefits.

The parties filed competing motions for traditional summary judgment addressing a single issue: whether the police vehicle Freeman was in at the time of the accident fell within her policy's regular-use exclusion for UM/UIM benefits. The trial court held a hearing on the motions and signed an order granting summary judgment for Freeman, concluding that the policy's regular-use exclusion violated public policy.

Progressive filed a motion to sever and abate, requesting the trial court sever and abate discovery on Freeman's breach of contract and extra-contractual claims until there was a determination as to the amount of UM/UIM benefits, if any, owed to Freeman. The trial court signed an order granting the severance and abatement.

The parties then entered a Rule 11 agreement that disposed of certain claims and reached an agreement as to a judgment preserving the right to appeal the

summary judgment regular-use exclusion ruling.  An agreed final judgment consistent with the parties' Rule 11 agreement was signed, which (1) provided for conditional attorney's fees, (2) dismissed the severed claims, and (3) preserved Progressive's rights to appeal the summary judgment ruling.  The trial court subsequently entered a housekeeping order denying Progressive's summary judgment motion and signed an amended final judgment on July 13, 2022. Progressive timely filed its notice of appeal.

## ANALYSIS

The trial court's amended final judgment states, in relevant part, as follows:

> The Court determined that although the patrol vehicle was available for Ms. Freeman's regular use, that the "regular use" exclusion as applied in this case violates public policy since it operates to deprive an insured of the protection required by the Texas Uninsured Motorists Statute.  As a result, the Court granted Artemiz Freeman's motion for summary judgment and motion for declaratory relief and denied Progressive's motion for summary judgment.

Progressive challenges this holding on appeal and requests that we (1) reverse the summary judgment for Freeman, and (2) render summary judgment for Progressive.  Responding to these arguments, Freeman asserts that the trial court properly concluded that the regular-use exclusion violates public policy because it deprived Freeman of the protections and guarantees mandated by the Texas Insurance Code.

## I.      Standard of Review

A party moving for traditional summary judgment must establish that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215-16 (Tex. 2003).  If the movant establishes its right to summary

4

judgment, the burden shifts to the nonmovant to present evidence raising a material issue of fact. *See M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam).

We review a summary judgment *de novo*. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). In reviewing the trial court's rulings on cross-motions for summary judgment, we must consider all summary judgment evidence, determine all issues presented, and render the judgment that the trial court should have rendered. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000). We may consider the evidence presented by both parties in determining whether to grant either motion. *Expro Ams., LLC v. Sanguine Gas Expl., LLC*, 351 S.W.3d 915, 919 (Tex. App.—Houston [14th Dist.] 2011, pet. denied).

As set out above, the trial court's amended final judgment included the grounds on which the trial court granted Freeman's summary judgment motion and denied Progressive's motion. When a trial court grants summary judgment on specific grounds, we generally limit our consideration on appeal to the grounds upon which summary judgment was granted. *See State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993); *St. Anthony's Minor Emergency Ctr., L.L.C. v. Ross Nicholson 2000 Separate Prop. Tr.*, 567 S.W.3d 792, 796-97 (Tex. App.—Houston [14th Dist.] 2018, pet. denied).

## II. Governing Law

To protect motorists from financial loss when they are involved in car accidents with uninsured or underinsured motorists, Texas law requires automobile insurers to include UM/UIM coverage in their policies unless the insureds reject that coverage in writing. *See* Tex. Ins. Code Ann. § 1952.101(b). The underlying policy behind this statute is the state's interest in protecting conscientious and

thoughtful motorists from financial loss. *See Stracener v. United Servs. Auto. Ass'n*, 777 S.W.2d 378, 382 (Tex. 1989); *Ortiz v. State Farm Mut. Auto. Ins. Co.*, 955 S.W.2d 353, 356 (Tex. App.—San Antonio 1997, pet. denied). Accordingly, UM/UIM coverage "is to be construed liberally to give full effect to the public policy which led to its enactment." *Stracener*, 777 S.W.2d at 382. However, UM/UIM coverage "need not afford protection in every situation" involving uninsured or underinsured motorists. *Bergensen v. Hartford Ins. Co. of the Midwest*, 845 S.W.2d 374, 377 (Tex. App.—Houston [1st Dist.] 1992, writ ref'd).

Here, the trial court concluded that, although the patrol vehicle involved in the accident was available for Freeman's regular use, the "regular use" exclusion as applied in this case violates public policy. Whether an insurance policy violates public policy is a question of law we review *de novo*. *Jankowiak v. Allstate Prop. & Cas. Ins. Co.*, 201 S.W.3d 200, 209-10 (Tex. App.—Houston [14th Dist.] 2006, no pet.). "Public policy can be a vague and uncertain term, and it is up to the power of the lawmaking body to define." *Id.* "[C]ourts are apt to encroach upon the domain of that branch of the government if they characterize a transaction as invalid because it is contrary to public policy, unless the transaction contravenes some positive statute or some well-established law." *Tex. Com. Bank, N.A. v. Grizzle*, 96 S.W.3d 240, 250 (Tex. 2002).

## III. Application

The burden of proving that public policy warrants non-enforcement of the contract provision at issue falls on Freeman because she is the signatory who opposes the contract. *See Phila. Indem. Ins. Co. v. White*, 490 S.W.3d 468, 475 (Tex. 2016); *In re Poly-Am., L.P.*, 262 S.W.3d 337, 348 (Tex. 2008) (orig. proceeding). However, Freeman failed to show how much she received in workers' compensation benefits and to show that she has suffered financial loss.

*Compare* Tex. R. App. P. 38.2(a)(1) *with id.* 38.1(i). Thus, based on this record, we cannot conclude that Freeman has met her burden, that she has suffered any financial loss, or that Progressive's policy violates the state's interest in protecting conscientious and thoughtful motorists from financial loss. *See Stracener*, 777 S.W.2d at 382. Therefore, the trial court erred when it held that the regular use exclusion as applied in this case violates public policy.

## CONCLUSION

We reverse the trial court's July 13, 2022 amended final judgment and render judgment that Freeman takes nothing on her claims for UM/UIM benefits and attorney's fees.

/s/ Meagan Hassan
   Justice

Panel consists of Justices Bourliot, Hassan, and Poissant (Poissant, J., dissenting).